BATEMAN ET AL. *v.* STATE OF INDIANA.

[No. 27,038. Filed May 17, 1938.]

*Hastings & Lehman, Fred Dobbyn* and *Shake & Kimmell,* for appellants.

*Thomas P. Meade, Padgett & Rogers, Philip Lutz, Jr.,* Attorney-General, and *Urban C. Stover,* Deputy Attorney-General, for the State.

TREMAIN, J.—This was an action by the appellee against the appellants to impeach and remove them

from the offices of county commissioners, pursuant to Sec. 49-836 Burns' Ind. St. 1933, §13168 Baldwin's Ind. St. 1934, upon the ground, as stated in the statute, that they had refused or neglected to perform the official duties pertaining to their offices.

The complaint for the removal of the appellants was filed on the 2nd day of March, 1935, in the Daviess Circuit Court. The material allegations of the complaint are that the defendants (appellants) neglected to perform the official duties pertaining to each of their offices as said commissioners "as hereinafter stated":

First, that the board of commissioners of Daviess County, during the year 1934, made unlawful contracts for the expenditure of funds in the repair and maintenance of highways, bridges, and culverts; that said contracts were unlawful in that they provided for an expenditure of $13,800 in excess of funds to be received, and which were received for that purpose; that before the 1st day of September, 1933, the county highway supervisor of Daviess County made an itemized estimate of the cost of the repair and maintenance of highways, bridges, and culverts under his supervision for the year 1934, and filed the same in the office of the auditor; that the estimated cost totaled the sum of $121,859, which was fully itemized and set out in the charges; that the board of commissioners at no time made a record of their approval or amendment of such estimate; that at the October Term, 1934, the board of commissioners made an entry changing the road budget by a deduction of $13,000 from the item of materials, and directed that the labor item be increased $8,000 and the equipment item be increased $5,000; that the order for this change is the only record made by the commissioners.

Second, that in May, 1934, the appellants, acting as members of the board of commissioners, signed an order

for the purchase of five Federal motor trucks, costing $9,750; that an entry of the order is alleged which shows the amounts to be paid upon specified dates; that claims were filed in the office of the auditor for the specified sums as due; that said trucks were unlawfully purchased because there was no item included in any budget of Daviess County sufficient for the purchase thereof; that the board allowed $500 more than the claim filed by the Federal Motor Truck Company for said trucks, and that the allowance was made without any certificate on the claim for payment by the auditor as required by law; that the motor trucks so purchased did not comply with the specifications therefor, and were purchased at a price above the regular market price.

Third, that the defendants, as such commissioners, purchased tarvia for use on the highways of the county in 1933 for which they paid 15 cents per gallon; that at its June Term, 1934, the board of commissioners entered an order extending the tarvia contract throughout that year; that the tarvia was purchased from The Highway Company and no contract was filed in the auditor's office; that the tarvia purchased in 1934 was contracted for at the same price paid in 1933; that claims for the tarvia furnished in 1934 were allowed at one-half cent per gallon more than in the year 1933.

Fourth, that in 1934 said defendants, acting as the board of commissioners, made a contract for the construction of culverts in excess of all items in the estimate, and made a contract for the repair of the Gill bridge with the Vincennes Bridge Company for the total sum of $822, without advertising or receiving competitive bids.

Fifth, that the defendant James L. Bateman used Overland springs valued at $17.72, bearings and retainers valued at $15.75, and ten hours' labor at 35

cents an hour, all the property of the county, to repair a Chevrolet truck owned by said Bateman, which property was used at the request of Bateman and Frye.

Sixth, that said Bateman used a caterpillar tractor owned by the county on a Sunday in May, 1933, to plow and disk on his farm, and not for any use or benefit of said county.

Seventh, that during May, 1933, a tractor and grader belonging to Daviess County were kept at said time on the farm of said Bateman, and were used to grade and open ditches along the private drive leading to Bateman's residence.

Eighth, that the defendants, as such commissioners, unlawfully authorized the payment of the sum of $74.95 from the gravel road repair fund for tires and repairs used on a Studebaker automobile owned by Gus Wimmenauer, in consideration of the use of said automobile in the repair and servicing of machinery and equipment belonging to the county; that the said commissioners also allowed claims for a tire and tube for an automobile own by L. R. Effinger, which was used in the performance of labor on Daviess County roads.

Ninth, that the payrolls kept by the assistant superintendents upon the highways were paid on the first Monday of each month, and were prepared and sworn to by the assistant superintendents; that some of the payrolls were increased and paid after the same were sworn to by the assistant superintendents, with the knowledge of each of said defendants, who did not object to the payrolls paid from funds belonging to said county; that the assistant supervisors of highways were permitted, by the commissioners, to file a large number of duplications of payment for labor performed by individual employees.

The prayer of this petition was that the defendants be cited to appear before the court and show cause why

they should not be deprived of their offices, and why judgment in the sum of $500 should not be entered in favor of the prosecuting attorney.

To this petition the appellants filed objections in which it was stated that the accusation was based upon Section 35 of Chapter 182, Acts 1897, Sec. 49-836 Burns' Ind. St. 1933, Sec. 13168 Baldwin's Ind. St. 1934, copied in full in the objections, which provides that any person may file a verified written accusation in the circuit court alleging that any officer within the jurisdiction of the court "has refused or neglected to perform the official duties pertaining to his office." The statute provides for notice and hearing by the court, and, upon a decree removing him, a judgment shall be entered in the sum of $500 in favor of the prosecuting attorney.

The statute provides another ground for impeachment, but both parties to this appeal admit that it is based upon the one ground quoted above.

The objections further state that the accusation does not come within the provisions of the statute; that the statute does not apply to the accusations alleged in the petition; that the charges against the defendants do not allege facts which bring them, or either of them, within the provisions of the statute, or show a refusal or neglect to perform official duties.

A second distinct and separate part of the appellants' objections to the accusation, in the form of an answer, denies liability and explains each charge enumerated in the petition and accusation, each of which will be considered hereafter.

Upon these pleadings the cause was submitted to the court for trial in the manner provided by Section 35, Chapter 182, Acts 1897, Sec. 49-836 Burns' Ind. St. 1933, §13168 Baldwin's Ind. St. 1934. At the conclusion of the evidence the court found that the defendants, Bateman and Frye, had neglected to perform their offi-

cial duties pertaining to their office as charged in the accusation filed against them, "save and except that the defendant, Taylor Frye, was not negligent as charged as to the use of a tractor owned by said county of Daviess by the defendant, James L. Bateman, and that said accusation should be and hereby is otherwise fully sustained, but that the separate charges in the accusation as to the duplication of pay roll accounts although sustained is but cumulative and although sustained would not be sufficient of itself to find against the defendants that the negligence involved sustained the accusation to the extent that the defendants should be removed from their offices."

Upon these findings the court entered judgment removing appellants from office and directing them to pay the prosecuting attorney the sum of $500. Appellants filed a motion for a new trial for the following causes: That the decision of the court is not sustained by sufficient evidence and is contrary to law. The motion was overruled by the court and this appeal was perfected.

The errors relied upon by the appellants for reversal are: (1) The court erred in overruling appellants' objections to the sufficiency of the appellee's accusation filed in said cause, and (2) the overruling of appellants' motion for a new trial.

In summarizing the charges contained in appellee's complaint, the court, for its own convenience, has divided the complaint into nine separate specifications. The first, second, third, and fourth specifications particularly pertain to the subject of the purchase of material by the board of commissioners for the repair and maintenance of highways, machinery, and tools, and the construction of bridges and culverts. It appears from the allegations of the complaint that it is drawn upon the theory that the board of commissioners is controlled

by the County Reform Act, Chapter 154, p. 343, Acts 1899, and the Highway Maintenance Act, Chapter 330, p. 877, Acts 1913.

The grievances complained of occurred during the year 1934 and subsequent thereto. The 1899 Act was amended by Chapter 156 of the Acts of 1933, p. 817, Sec. 26-536 Burns' Ind. St. 1933, §5401 Baldwin's Ind. St. 1934. This amendment governs the purchase of materials and supplies in general, to be paid for out of funds in the county treasury, but expressly provides that:

> "The provisions of this act shall not apply to . . .; nor to purchases by the board of county commissioners for repairs of roads."

Chapter 27, Acts 1933, p. 139, Secs. 36-1101 to 36-1110 Burns' Ind. St. 1933, §§8699-8708 Baldwin's Ind. St. 1934, is the Highway Maintenance Act, and concerns the maintenance and repairs of county highways. This act places the highways of the county under the supervision of the board of commissioners and provides that they may appoint a county highway supervisor who has general charge of the maintenance and repair of county highways. However, he is subject to the orders and direction of the board and may be removed at their will. The board of commissioners is directed to furnish tools and equipment, and the housing and repair thereof. Sections 1 and 10 of Chapter 27, Acts 1933, Secs. 36-1101 and 36-1110, Burns' Ind. St. 1933, §§8699 and 8708 Baldwin's, *supra*.

Section 3 of that act (Sec. 36-1103 Burns' 1933, §8701 Baldwin's, *supra*) provides that the county surveyor, where he has supervision, annually shall file in the office of the auditor a complete, itemized estimate of the costs of repair and maintenance of highways, bridges, and culverts within the county for the next ensuing year, for the use of the board of

commissioners, who shall approve, or amend and approve, such estimates, and when approved or amended, shall become the budget for the ensuing year, and shall be available to the board of commissioners for the purposes provided in the act, without other or further appropriation, except that upon request of the county surveyor, the commissioners may increase or decrease any item of the budget at any time, provided that the expenditure does not exceed the amount of money to be received. It is evident that the purpose of the estimate and budget is to inform the board of commissioners of what is necessary to be expended for the different items. However, these matters appear to be under the control of the board, because it has the authority to amend or change them at any time without any control from the surveyor or supervisor, who is appointed by and may be removed by the board, as provided by Section 10 of the act.

The General Assembly in 1923 enacted the Gasoline Tax Law, Chapter 182, Acts 1923, p. 532. This act was amended by Chapter 146 of the Acts of 1925, p. 367, and Chapter 12 of the Special Session of 1932, p. 23, which act is amended by Chapter 123, Acts 1933, p. 732, Sec. 47-107 Burns' Ind. St. 1933, sec. 11112 Baldwin's Ind. St. 1934. The board of commissioners is authorized to use the funds on hands for the construction, maintenance, and repairs of county roads without an appropriation having been made by the county council. *Williams* v. *Willett* (1936), 102 Ind. App. 193, 1 N. E. (2d) 664; *Bridges* v. *State ex rel. Vaughn* (1934), 208 Ind. 684, 190 N. E. 758.

It appears that the Legislature did not place any limitations upon the board of commissioners except that an increase made by them must not exceed the amount of funds to be received. Section 5 (Sec. 36-1105 Burns' 1933, §8703 Baldwin's 1934) of that act provides that:

"The board of county commissioners shall have power to contract, and may contract *in the manner provided by law*, for the purchase of all road and bridge repair material, and for all tools and machinery and supplies necessary for the proper repair of such roads, as such county survey or shall, from time to time, deem necessary."

At the time of the passage of said Chapter 27, Acts 1933, the law prescribing the manner of purchasing all materials and supplies was provided for under section 36 of the old County Reform Act of 1899. But, during the 1933 Session of the General Assembly, Chapter 27 became effective March 1, 1933, and Chapter 156 became effective May 22, 1933. They amended the old acts and provided that the amendment shall not apply to the purchase by the board of commissioners of road repairs. After the passage of these acts there appears to be no law in effect limiting the authority of the board to purchase, from funds on hands, repairs for roads, including repair material for bridges and culverts, tools, and machinery. Chapter 27, p. 139 (Secs. 36-1101 to 36-1110 Burns 1933, §§8699-8708 Baldwin's 1934) and Chapter 156, p. 817 (Sec. 26-536 Burns 1933, §5401 Baldwin's 1934), Acts of 1933.

There is no proof in the record disclosing that the board of commissioners made any expenditures of the county funds, or exceeded their legal authority in the purchase of any of the materials, supplies, and machinery described in the complaint. There is no charge in the complaint, and the proof does not disclose, that either of the appellants acted maliciously, corruptly, or willfully in any of these transactions, or neglected to perform the duties of their offices. They appear to have acted entirely within the law as then existing.

What has been said in reference to these clauses of the complaint applies with equal force to the charges in

the fifth and eighth specifications. A small amount of money was expended for repairs on a truck owned by appellant Bateman and for repairs on automobiles owned by two employees, which truck and automobiles were used in the performance of labor in connection with the repair of highways and bridges, and for which the county received the benefit. The evidence discloses, without contradiction, that the use of these machines was necessary, and if the county commissioners had not provided supplies for the repairs thereof, it would have been necessary to have furnished another truck, and automobiles, for transportation of employees to different parts of the county.

The sixth and seventh specifications concern the use of the tractor one Sunday upon the farm of appellant Bateman and the use of a grader in grading a ditch along a private drive. The uncontradicted evidence is that the tractor and grader were used in grading the private driveway leading from the public highway to the place of storage. There is no evidence that discloses that the grader was used at any other time or place for the private benefit of Bateman, but the evidence discloses that the private drive had never been graded and was made more accessable for taking the grader and tractor to and from the shed furnished without rent or cost to the county. In addition, this charge, together with the charge that Bateman used a tractor one Sunday upon his farm, standing alone would not be sufficient to warrant a court in removing Bateman from office. To offset the use of the tractor on Sunday by appellant Bateman, it is shown that the county received the use of his truck for many days without charge, except small repairs. The trial court found that Frye was without knowledge of this transaction, and that the payroll charge was not sustained.

Eliminating all other charges, as the court must, it

cannot be said, upon legal authority, that an officer should be removed upon such inconsequential matters. Of course, it is to be recognized always that no official should use his office or the money or property of his county for his own private gain. To remove a person from an office to which he has been elected and qualified is a matter of serious importance. Removal from office should be exercised with caution, and for reason based upon willful or malicious failure or neglect to perform the official duties pertaining to that office.

Having concluded that there is a total failure of evidence to sustain the judgment of the court, it is ordered that the judgment of the lower court be reversed, and it is directed to sustain the motion for a new trial.

Shake, J., not participating.