WILLIAM J. DOOLING *vs.* FIRE COMMISSIONER OF MALDEN

Middlesex.    March 5, 1941. — May 27, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Municipal Corporations*, Fire department, Officers and agents. *Public Officer.* Malden.

Statutes 1892, c. 182; 1908, c. 93, giving to the fire commissioner of Malden power to determine of what officers and members the fire department shall consist, by implication give him power, acting in good faith, to abolish the office of chief of the department, which is not curtailed by the provision of G. L. (Ter. Ed.) c. 48, § 58, providing in substance that, except in certain circumstances, a chief shall "hold his office continuously during good behavior."

Action by the fire commissioner of Malden in abolishing the office of chief of the department, even if treated as in effect a removal of the incumbent, was not in violation of G. L. (Ter. Ed.) c. 48, § 58, where it appeared that the reason assigned was economy, that due notice was given the chief and a hearing was given him at his request at which all witnesses presented by him were heard, and it did not appear that there was a failure to file with the city clerk the copies required by that section to be so filed.

PETITION, filed in the Superior Court on May 14, 1940, for a writ of mandamus.

The case was heard by *Good, J.*

*E. J. Bushell*, for the petitioner.

*R. S. McCabe*, for the respondent.

DOLAN, J.   This is a petition for a writ of mandamus to compel the respondent fire commissioner of the city of Malden to recognize the petitioner as chief of the fire department of that city.   The case was heard by a judge of the Superior Court who made the following "Finding and Order.   I do not find that the respondent (in abolishing the office of chief of the fire department) acted with malice, bad faith and without just cause as alleged in the petition. Judgment may be entered dismissing the petition."   The exceptions of the petitioner to certain rulings and refusals to rule by the judge and to his order for judgment bring the case before us.

The petitioner was appointed chief of the fire department involved on June 7, 1933, after having served with some interruptions as clerk to the fire commissioner for about eleven years in all.   Section 1 of the rules and regulations of the department relating to his office set forth that "The Chief is the executive officer of the Fire Commissioner.   As such he is the channel of all communications between the Commissioner and the department, except as provided for in Rule 19, section 1."   Section 5 of the rules provides that he shall perform such duties as may be required by law or ordinance, shall have command at fires of the entire department and all persons not connected with the department and shall direct all measures he may deem necessary to extinguish fires.   Chiefs of fire departments do not come within the provisions of the civil service laws.

On April 13, 1940, the respondent, who had been in office but a few weeks, notified the petitioner in writing of his decision to abolish the position of chief of the fire department of the city effective as of May 11, 1940, and that thereafter the petitioner's services would no longer be required.   This notice also contained the following statements: "My reasons for this action are that it is in the interest of economy and that this position is no longer necessary.   If you desire to be heard regarding this matter I will be very pleased to arrange a hearing for you."   On April 16, 1940, the petitioner notified the respondent in writing that under the provisions of chapter 48 of the General Laws he claimed

the "right of a hearing," that he requested a hearing, and that, without waiving any rights he might have under the law, he would continue to carry on the duties of chief. He also filed an answer "pursuant to G. L. c. 48, § 58." On April 17 he was notified in writing that a hearing would be granted him on April 23. The hearing was held, at which the respondent heard all the witnesses the petitioner desired to call, but did not offer any evidence himself "to justify his action." On May 9, 1940, the respondent notified the petitioner in writing that, after carefully considering all the evidence introduced by the petitioner at the hearing, he was convinced that the position of chief should be abolished, that the notice sent by him to the petitioner on April 13 remained effective, and that the position would be abolished as of May 11, 1940. An official bulletin signed by the respondent under date of May 9, 1940, and addressed to the officers and members of the fire department reads as follows: "Effective May 11, 1940, the office of Chief of the Malden Fire Department is abolished. From and after that date all duties prescribed in the Rules and Regulations of the Fire Department for the Chief of the Fire Department shall be taken over and assumed by the Senior Deputy Chief of the Fire Department, Loran A. Keddie."

At the close of the evidence the petitioner filed eleven requests for "rulings of law." The judge denied some of these requests, allowed others with the comment that they stated good law but were inapplicable to the facts found, and allowed two requests without qualification. The petitioner has not addressed his argument, either oral or written, to an exception taken to the denial of any particular request or to any particular ruling made by the judge, but sets up three issues as those presented for determination, namely, (1) whether the respondent acted in bad faith and without just cause in abolishing the office; (2) whether the petitioner was entitled to and did receive a fair and full hearing prior to the abolition of his office; and (3) whether the abolition of his office was illegal and in violation of G. L. (Ter. Ed.) c. 48, § 58.

In connection with these issues it is necessary to consider

only the petitioner's second, third and ninth requests for "rulings," which were denied by the judge. The second request was "That the respondent is bound by the provisions of said tenure act [G. L. (Ter. Ed.) c. 48, § 58] which secured to the fire chief the right to hold office during good behavior or until disabled, and that he was not given the right thereunder, either expressly or impliedly to abolish the office of fire chief." The third request was "That the respondent was guilty of bad faith in abolishing the office of fire chief with utter disregard for the provisions of the tenure act." The ninth request was "That, as matter of law, in view of the tenure act, it was not within the province of the respondent to abolish the" office in question.

St. 1881, c. 169, § 16, gave to the city council of Malden power to establish a fire department, and to the mayor and aldermen exclusive power to appoint and remove the officers and members thereof. This section was repealed by St. 1892, c. 182, § 1, which created a board of three fire commissioners and provided that they "shall establish a fire department . . . to consist of such officers and members as . . . [they] shall from time to time determine." This statute also provided that the commissioners "shall appoint said officers and members and may remove any officer or member in their discretion." By St. 1908, c. 93, this board was abolished and the office of a single fire commissioner was created; and it was provided that the commissioner should be the lawful successor of the fire commission created by St. 1892, c. 182, and have all the powers and privileges conferred and be subject to the duties and obligations imposed by that statute and acts in amendment thereof and in addition thereto. St. 1916, c. 291, entitled "An Act relative to the tenure of office of chiefs of the fire departments in the metropolitan fire prevention district," was accepted by the voters of the city of Malden in 1916. (See St. 1917, c. 140; St. 1931, c. 426, § 165.) In its present form, G. L. (Ter. Ed.) c. 48, § 58, provides that the chief of a fire department of a town that accepted c. 291 of St. 1916 or c. 140 of St. 1917, or in which the provisions of G. L. (Ter. Ed.) c. 31 were, on April 3, 1917, applicable to the chief of the fire department

thereof, "shall hold his office continuously during good behavior unless incapacitated by physical or mental disability to perform the duties of his position; provided, that in every such city the official having the power of appointment, with the consent of the confirming board, if any [there is none in the city of Malden], and in every such town, the selectmen, may, for just cause and for reasons specifically assigned by said official or selectmen, remove such chief, first giving him a copy of such reasons and allowing him a reasonable time to answer them in writing. A copy of the reasons, notice and answer, and of the order of removal, shall be filed with the town clerk."

In St. 1892, c. 182, the power conferred upon the fire commissioners (now resting in the single commissioner) to establish a fire department to consist of such officers and members as said board should from time to time determine was contained in a sentence separate from one in which the power of appointment and removal of any officer or member was confided to their discretion. Seemingly these powers were conceived by the Legislature as separate ones when St. 1892, c. 182 was enacted. It would seem that under the power to determine from time to time of what officers and members the department should consist, in the absence of restraints, the power of creation and abolition of offices of the department was thereby impliedly granted. See McQuillin, Municipal Corporations (1939) § 514. The power to determine "from time to time" of what officers and members the department should consist, would be of no effect if from time to time new positions could not be created or existing ones abolished. The power granted by the statute is not exhausted by a single exercise. See *Donaghy* v. *Macy*, 167 Mass. 178, 180; *People* v. *Ham*, 166 N. Y. 477, 483. We think that the tenure act, G. L. (Ter. Ed.) c. 48, § 58, was not effective to strike down the power in the commissioner to abolish the office of chief of the fire department, but was only a prohibition against his removal, except in accordance with its terms. There is nothing in that statute that purports to limit the power of the respondent to reorganize his department by the abolition of

offices. (Compare G. L. [Ter. Ed.] c. 31, §§ 42A, 42B, 45; *Cullen* v. *Mayor of Newton*, 308 Mass. 578.)

It is recognized of course that "There is a real and fundamental distinction between the laudable abolition of an unnecessary position and the discharge of a faithful employee in violation of the rights secured to him by statute; and [that] the latter action can neither be concealed nor protected by a pretense that it was an exercise of the former right." *Garvey* v. *Lowell*, 199 Mass. 47, 50. *Yunitz* v. *Chelsea*, 270 Mass. 179, 181. *Williams* v. *New Bedford*, 303 Mass. 213, 216. *State* v. *Seattle*, 121 Wash. 247, 252. *Essinger* v. *New Castle*, 275 Penn. St. 408, 412. *Van Horn* v. *Freeholders of Mercer County*, 54 Vroom 239, 240. In the present case, however, the judge expressly stated in his findings and order that he did "not find that the respondent acted with malice, bad faith and without just cause" in abolishing the office of chief of the fire department. There is nothing in the reported evidence that required the judge to find that the respondent did act in bad faith and without just cause in the matter.

Moreover, if the action of the respondent in abolishing the office of the petitioner were to be treated as in effect a removal of the petitioner from his office (see *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111, 112, 113, 119), and thus as coming within the terms of G. L. (Ter. Ed.) c. 48, § 58, that would not avail the petitioner. Prior to the abolition of his office he was given a notice of its intended abolition which stated the reasons therefor; he filed an answer, was given a hearing, and was notified thereafter of the action of the respondent. This course of proceedings is prescribed by § 58 in case of removal, except that no specific provision is made therein for a hearing. Whether or not required, a hearing was given the petitioner and there is nothing in the record to require a finding that it was not conducted fairly. The record does not disclose that "a copy of the reasons, notice and answer, and of the order of removal" was not filed with the city clerk as further required by § 58. We have already pointed out that the reported evidence did not require a finding that the re-

spondent acted in bad faith. Obviously reasons of economy constitute just cause within the meaning of § 58. *Gardner* v. *Lowell,* 221 Mass. 150, 154. *McNeil* v. *Mayor & City Council of Peabody,* 297 Mass. 499, 504, and cases cited.

.        *Exceptions overruled.*