Hillsborough, Jan. 2, 1952. } No. 4083.

JOHN SINKEVICH v. NASHUA POLICE COMMISSION.

*Robert J. Doyle* (by brief and orally), for the plaintiff.

*Louis M. Janelle*, city solicitor (by brief and orally), for the defendant.

KENISON, J.   Police commissions in this state have broad control of the administration of their departments including the appointment and removal of their employees.  Laws 1913, *c.* 148.  *Pollard v. Gregg*, 77 N. H. 190; *Baker* v. *Barry*, 77 N. H. 198; *Baker* v. *Nashua*, 77 N. H. 347.  Although there is no statutory review of the decisions of police commissions in the suspension and removal of its police officers, it has become settled law that *certiorari* "is a proper and well established remedy for unlawful removal from office."  *Labonte* v. *Berlin*, 85 N. H. 89, 92.  The remedy as developed here is not as restricted as it existed under common law but has allowed "some expansion of the conventional scope of the writ of *certiorari*."  *Goodwin* v. *Nashua*, 91 N. H. 339, 340.  The present scope of the remedy was summarized in *Cloutier* v. *State Milk Control Board*, 92 N. H. 199, 203: "*Certiorari* may not be invoked to review issues of fact, except upon the inquiry of law whether the finding or verdict could reasonably be made . . . .  Whether the fact finding tribunal has acted illegally in respect to jurisdiction, authority or observance of the law, is the scope of inquiry which the proceeding may cover."

The findings and ruling relative to the first cause for removal are set forth in detail in the reserved case: "As to cause (a) the plaintiff testified in substance that at the time he was filling out his application for membership on the Police Force he asked the then Chief of Police whether the question, 'Have you ever been arrested?' included arrests anywhere or only in New Hampshire; that the Chief represented that it included only arrests in New Hampshire and that he answered 'No' to this question because he had never been arrested in New Hampshire.  The testimony of Chief Stearns was not presented either at the hearing before the Police Commissioners nor before this Court.  The Court does not know what findings of fact the Police Commissioners made as to the plaintiff's conversation with the Chief.  That is, it does not know whether the Commissioners disbelieved the plaintiff's testimony, and therefore found that the plaintiff, 'knowingly, falsely represented that he never had been arrested,' or whether they believed the plaintiff's testimony but ruled in spite of it that his

answer was a case of false representation knowingly made which was a sufficient cause for dismissal. The Court therefore deems it necessary to find facts on that point itself. The Court finds that the Chief did inform the plaintiff that the question applied only to arrests in New Hampshire. On the basis of this finding of fact the Court rules as a matter of law that the Police Commissioners could not find that the plaintiff, 'Knowingly, falsely represented— that he never had been arrested.' "

The evidence before the police commission, as it related to plaintiff's application for appointment as a police officer, was substantially identical with that before the court. On such evidence the commission found that the plaintiff knowingly made a false representation while the court ruled that he did not. The credibility of the plaintiff's testimony was a question of fact for the police commissioners to decide and they were not necessarily compelled to accept it as true. *Mayor of Beverly* v. *First District Court of Essex*, 97 N. E. (2d) 181 (Mass.). The removal of plaintiff for making a false representation would normally imply the finding that the plaintiff's testimony to the contrary was disbelieved. See *Nelson* v. *Morse*, 91 N. H. 177, 178. If the finding of the commissioners on this point was reasonably supported by the evidence, it was not reversible on *certiorari*. *North Hampton &c. Ass'n* v. *Commission*, 94 N. H. 156, 160. While the plaintiff was entitled to have any errors of law of the commission corrected by the court in this proceeding he was not entitled to a *de novo* trial of the facts.

There was no direct corroboration of plaintiff's explanation of the circumstances under which he filled out his application for appointment as a police officer in 1943. On its face it was at least inaccurate and misleading to the police commission which was to make the appointment. An accurate and truthful answer to the question was a complete bar to the plaintiff's appointment under the rules of the police department. Under these circumstances it is difficult to say that the plaintiff's removal was an unreasonable or arbitrary decision on the part of the police commission. The legal issue before the court is whether the finding of the police commission "could reasonably be made." *Cloutier* v. *State Milk Control Board*, 92 N. H. 199, 203. Merely because the court would make a contrary finding if it were the commission is not enough. Since the commission's decision was one that could reasonably be made on the evidence it must stand.

In view of the result reached on the first cause for removal, it

is unnecessary to consider the other rulings of the court that physical incapacity incurred in the line of duty is not a just cause for dismissal (see 28 A. L. R. 777; *Dooling* v. *Fire Comm'r of Malden,* 309 Mass. 156), and that the defendant waived the right to insist on a rule of the department that "those appointed shall never have been convicted of a crime."

*Exceptions sustained.*

All concurred.

ON MOTION FOR REHEARING: After the foregoing opinion was filed the plaintiff moved for a rehearing upon the ground that the prior police commission has decided there was no cause for discharge which is binding on the present commission.

*Robert J. Doyle* for the motion.

KENISON, J. The plaintiff's record and conviction was presented to the members of the Nashua Police Commission of 1948, who laid it on the table and dismissed the case after informal discussion of it. While findings of fact by a regulatory body may be final and constitute a valid administrative judgment (*Petition of New Hampshire Gas & Electric Co.,* 88 N. H. 50, 58), the action or inaction of the prior commission was not a formal hearing followed by a ruling in the nature of a judgment. As such it was not *res judicata* of the action taken by the present commission. *Ham* v. *Interstate Bridge Authority,* 92 N. H. 268, 276. The action or inaction of the prior commission was no more than an exercise of discretion which would not operate to deprive the present commission of its power to enforce the rules of the commission in its discretion. See *National Labor Relations Board* v. *Baltimore Transit Co.,* 140 F. (2d) 51, cert. den. 321 U. S. 795.

*Motion denied.*

All concurred.