**Bert A. FANNIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 29, 1960.

Vernon A. Dinkle, Ashland, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Bert A. Fannin, charged with the offense of malfeasance in office, was found guilty by the jury and fined $100. When judgment was entered on the verdict his office was also declared vacant. See KRS 61.170(1). He was at the time the duly elected and acting Justice of the Peace of the Second Magisterial District of Boyd County.

Fannin has appealed from the judgment, urging three grounds for reversal: (1) That his substantial rights were prejudiced by a refusal to grant him a continuance; (2) that he was entitled to a directed verdict in his favor; and (3) that the verdict returned was against both the law and the evidence of the case.

■ Taking up now the first contention, the record shows Fannin was indicted at the April 1959 term and his trial was set for April 30, 1959. On the latter date the case was continued until the succeeding June term. At the beginning of the June term, namely, on June 3rd, Fannin moved for another continuance and filed his affidavit in support thereof. The affidavit averred in substance that timely subpoenas had issued for Edgar Hedger and Pat Sinnette, which subpoenas had been placed in the hands of the sheriff for execution, and which two persons were material witnesses for the defense; that Hedger, if present, would state that the prosecuting witness, E. J. Blair, was mad at Fannin and wanted him ejected from his office, so he could proceed against him on his official bond; and that Sinnette, if he could be produced in court, would testify that Blair's general reputation for truthfulness was such as to render him unworthy of belief. The affidavit also alleged Fannin was in ill health and thus was unable to properly undergo a trial of his case.

The trial judge entered an order overruling the motion for a continuance and recited therein that, the Commonwealth's attorney having consented, Fannin was given the right to read the affidavit as the testimony of the two absent witnesses.

It is readily apparent the only relevance of the testimony of the two absent witnesses was possibly to show that Blair, the chief witness of the Commonwealth, was either a person who was prejudiced against Fannin or one who could not be believed, or both. The statements of Harrison Fryer, a witness for Fannin, and the admissions made by Blair when testifying, were both to the effect that ill feeling did in reality exist between the witness Blair and Fannin. Therefore, the proof sought to be introduced by having Hedger appear as a witness for Fannin would have been merely cumulative if such had been heard. Fannin produced no witness who testified as to Blair's reputation for veracity; however, we believe the reading of Fannin's affidavit as to what Sinnette would state on this point placed this character of evidence before the jury. As to Fannin's complaint that sickness impaired his ability to adequately present his case before the jury and that this also constituted a reason for a continuance, we conclude his active participation in the trial from beginning to end rebuts such an assertion of incapacity.

■ It has been consistently held by this Court that the granting of a continuance in criminal cases is within the sound discretion of the trial judge and that this discretion will not be interfered with unless it has been plainly abused. See Toler v. Commonwealth, 295 Ky. 105, 173 S.W. 2d 822, and the many cases cited therein on this point. Generally speaking, a defendant is not prejudiced by, and hence is not entitled to a continuance because of, the failure of a witness subpoenaed by him to appear and testify in his behalf as to transactions fully proven by other witnesses. Young v. Commonwealth, Ky., 238 S. W.2d 130. A decision to continue in order to procure absent witnesses who can give impeaching testimony against the Commonwealth's witnesses rests within the broad discretion of the trial court. Jeter v. Commonwealth, 268 Ky. 285, 104 S.W. 2d 979. Then, too, it is ordinarily the rule that where the defendant's affidavit contains the substance of the testimony of a witness who had been summoned but was not present, the overruling of the defendant's motion for a continuance and permitting the affidavit to be read as the testimony of the absent witness, without requiring the Commonwealth to admit the truth of such affidavit, does not constitute an abuse of the trial court's discretion. Sanders v. Commonwealth, Ky., 269 S.W.2d 208. It is our view the lower court did not abuse its discretion when it refused to continue the instant case.

■ The next two arguments advanced for reversal dovetail into each other, because both of them are predicated upon Fannin's claim that the acts he was accused of committing were unaccompanied by a corrupt motive and, in consequence, were not unlawful. Malfeasance, as a ground for the removal of a public officer, has reference to evil conduct or an illegal deed, the doing of that which one ought not to do, the performance of an act by an officer in his official capacity that is wholly illegal and wrongful. See 43 Am.Jur., Public Officers, sec. 195, p. 39. In the light of these principles, let us examine the facts.

This criminal proceeding grew out of an action filed in the court presided over by Fannin as Justice of the Peace. The action was instituted by Blair against one Jerry Clark to collect an alleged debt of $43.50. Blair stated as a witness in the case at bar he had received no settlement of his case from Fannin and that Fannin had told him he had received no money from Clark. The latter testified, and the exhibits confirm, that he had paid into Fannin's court the sum of $43.50, plus $11 as the court costs taxed in the case, and that Fannin had informed him, Clark, that all the money except the last two payments had been paid over to Blair. Fannin denied making these statements but admitted retaining the money in controversy; he then undertook to excuse his conduct in doing so by saying he used the proceeds to offset an accumulated debt of

court costs owing by Blair in several other cases filed in his court. However, he presented no documentary evidence of any indebtedness owed him by Blair. The Commonwealth introduced a receipt which was strong proof that some of the costs Fannin claimed due him by Blair had actually been collected from the persons sued.

The testimony of Blair and Clark as to the statements attributable to Fannin mentioned above are patently inconsistent with Fannin's contention that Blair owed him money and that he had retained Clark's payments to apply on that debt. These statements were sufficient evidence of evil intent on the part of Fannin to take the question to the jury for a determination of whether he had illegally appropriated Blair's money. The jury found he was guilty of such a deed and it is obvious such a finding is supported by the evidence.

We conclude the lower court did not err in failing to issue a peremptory instruction for Fannin; nor is the verdict of the jury and the judgment of the trial court in this case against the law and the evidence.

Wherefore, the judgment is affirmed.