Merrimack
No. 85-261

WARREN N. RUNDE

v.

CITY OF CONCORD

June 5, 1986

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*W. Michael Dunn* and *Charles C. Cornelio* on the brief, and *Mr. Cornelio* orally), for the plaintiff.

*Paul F. Cavanaugh*, city solicitor, of Concord, by brief and orally, for the defendant.

SOUTER, J. The plaintiff sought a writ of certiorari in the superior court, to review a decision of the personnel advisory board of the City of Concord imposing disciplinary sanctions against him. The Superior Court (*DiClerico*, J., acting upon the recommendation of a Master, *Robert A. Carignan*, Esq.) denied relief. We affirm.

In early November 1982, some firefighters in the Concord Fire Department indicated to one of the department's battalion chiefs that they wished to take a pay telephone station from a fire-damaged building. Despite his warning not to do so, the firefighters removed the telephone along with several other fixtures of limited value. When the battalion chief later noticed that the fixtures were missing from the building he suspected that the firefighters had taken them. He so informed the plaintiff, who was then a probationary captain and the superior officer of the suspects. The plaintiff knew nothing about the thefts at that point, but after his own investigation had confirmed the battalion chief's suspicions, the plaintiff ordered his men to return the fixtures.

Ten days later the battalion chief reported the incident to the department chief, who ordered him to investigate and file a report. On the strength of the report, the department chief suspended the firefighters without pay for thirty days, declared them ineligible for promotion for one year and issued letters of reprimand to remain in

the firefighters' files for two years. He imposed the same suspension and issued the same reprimand to the plaintiff, but also demoted him to the rank of firefighter subject to performance evaluations for the following six months, and declared him ineligible for promotion or for service in an "acting" capacity at a higher rank for two years.

When the plaintiff appealed, the city personnel advisory board found that the plaintiff "should have known of the activities of the men under his control under [the] circumstances" and concluded that the "episode demonstrates a lack of judgment and adequate attention to responsibility sufficient to justify imposition of discipline, but of a lesser magnitude than that imposed." The board accordingly limited the demotion to the rank of lieutenant and shortened the period of ineligibility for promotion or for service in an "acting" position to one year.

Since the law makes no provision for appeal from the board, the plaintiff petitioned the superior court for review on writ of certiorari. *See Sinkevich v. Nashua,* 97 N.H. 262, 86 A.2d 562 (1952). After hearing, the trial court denied relief and thereafter denied the plaintiff's motion to introduce further evidence. The plaintiff then appealed to this court.

Although the plaintiff in this case claims that the superior court erred in failing to vacate the determination of ineligibility for promotion and the order of demotion, time had effectively mooted the first claim by the date of the argument before us. We will accordingly confine the appeal to the superior court's refusal to vacate the order of demotion.

On petition for writ of certiorari the jurisdiction of a reviewing court is limited. It has no authority to provide *de novo* relitigation of the original issues or to substitute its judicial discretion for the administrative judgment below. *Sinkevich v. Nashua, supra* at 265, 86 A.2d at 564. Rather, a court may grant relief only if the administrative body has exceeded its jurisdiction or authority, has otherwise acted illegally, has abused its discretion, or has acted arbitrarily, unreasonably or capriciously. *Appeal of Hollingworth,* 122 N.H. 1028, 1032, 453 A.2d 1288, 1290–91 (1982). When, as here, the original certiorari proceeding is in the superior court, the scope of inquiry on appeal to this court is limited further, to determining whether the trial court could reasonably have concluded as it did. *Hardy v. State,* 122 N.H. 587, 589, 448 A.2d 382, 384 (1982).

The plaintiff claims that the superior court erroneously reached two unreasonable conclusions, in failing to rule that the demotion exceeded the limits of authorized disciplinary action and in failing to

find that the demotion was, in any case, unreasonably harsh. He argues that it exceeded the city's authority because the personnel regulations of the fire department make no mention of demotion as a penalty. This argument fails for two reasons.

 First, at the time of the incident, the plaintiff was a probationary captain, not a permanent captain. *See* CITY OF CONCORD PERSONNEL RULES AND REGULATIONS, art. 34-5-5 (1982).

> "The purpose of a probationary period in public employment is to give the appointing authority an opportunity to observe and evaluate the employee's capacity, ability and willingness to perform his assigned task under actual working conditions in order that an intelligent and informed decision may be made at the end of the period on the employee's overall fitness for the particular job."

*Clark v. Manchester*, 113 N.H. 270, 272, 305 A.2d 668, 670 (1973). One need look no further than the plaintiff's probationary status, therefore, to find the board's authority to return him to his permanent rank of lieutenant.

 Second, while the rules of the fire department do not speak of demotion, there is express authority for it in article 34-8-1 of the city's personnel rules and regulations. The plaintiff finds this article irrelevant, because he assumes that the city's general personnel rules do not govern the disposition of the charges brought against him under the rules and regulations of the fire department. We are satisfied, however, that the city's general personnel rules and regulations may reasonably be read as applicable to all employees, including firefighters. Although the city ordinance comprising the personnel rules and regulations contemplates that individual departments will establish their own rules, there is no provision for suspending the general rules whenever a department does adopt its own. *See* CITY OF CONCORD PERSONNEL RULES AND REGULATIONS, art. 34-8-4 (1982). To the contrary, article 34-8-4 bars the adoption of a departmental rule that is inconsistent with an existing ordinance. Other articles indicate general applicability to all city employees or expressly cover employees of the fire department. *See* art. 34-1-1 (establishing merit system of personnel administration, including personnel advisory board and providing, without exception, for classification, compensation, selection, training, promotion, and discipline, of city personnel); art. 34-2 (defining employee, without exception, as a person working for the city); art. 34-5-5 (providing that uniformed personnel of fire department must serve probationary period of one year, rather than six months applicable to other posi-

tions); art. 35, schedule D (including employees of fire department in classification and compensation plan). Given the applicability to the fire department of the general city personnel rules and regulations, including the provision for demotion, we need not enquire any further to determine whether the fire department's own rules should be interpreted to authorize demotion.

■ The claim that the superior court erred in failing to find the demotion to be unreasonably harsh is likewise unavailing. The plaintiff focuses on two factual considerations in support of his position: the board made no finding that he had actual knowledge of the thefts, and the actual thieves received no demotion. But the emphasis on these issues simply misses the relevant point: the plaintiff had accepted supervisory responsibilities beyond the obligations of an ordinary firefighter. He had a duty to take reasonable steps to know what his men were doing and to require conformity with departmental regulations forbidding pilferage. There is nothing unreasonable about removing a supervisor from a position with duties he has demonstrably failed to perform.

Before concluding, we add that we have not ignored the plaintiff's suggestion that the city's action was somehow tainted because the battalion chief who investigated the incident had been involved in its discovery and had waited ten days before reporting his initial information to the department chief. The innuendo is that he was motivated to place blame on the plaintiff to protect himself. On the record before us, however, the innuendo is nothing more than that and can have no weight in the consideration of this appeal.

The plaintiff has not demonstrated that the superior court acted unreasonably in refusing to vacate the order of demotion.

*Affirmed.*

All concurred.