Strafford
No. 87-040

R. CRAIG WILLIAMS

v.

CITY OF DOVER

June 6, 1988

*Nighswander, Martin & Mitchell P.A.*, of Laconia (*Willard G. Martin, Jr.*, and *Linda G. Peck* on the brief, and *Mr. Martin* orally), for the plaintiff.

*Fisher, Moran, Willoughby & Clancy*, of Dover (*Scott E. Woodman* on the brief and orally), for the defendant.

BROCK, C.J.  The plaintiff, R. Craig Williams, appeals from a decision of the Superior Court (*Gray*, J.), upholding his removal from the Dover Planning Board by the Dover City Council for acts alleged to constitute malfeasance in office. The plaintiff argues, *inter alia*, that the trial court erred in upholding his removal because neither of the two acts relied upon by the city council relates to the performance of his official duties as a planning board member. For the reasons that follow, we agree with the plaintiff and therefore reverse.

On December 12, 1984, the city council appointed Williams to the planning board for a term to expire on December 31, 1987. However, on July 23, 1986, the city council removed him by a resolution alleging that he had committed certain acts constituting malfeasance in office. First, the city council charged that Williams' participation in the development of a plan for the installation of a driveway for his full-time employer, the Elliott Rose Company of Dover, Inc., in violation of certain ordinances requiring a permit from the Dover Director of Public Works, amounted to malfeasance in office. Second, the city council charged that Williams' activities, also in the fall of 1985, in support of the Elliott Rose Company's decision to construct an additional greenhouse on its property, without obtaining either a permit or site review in accordance with city ordinances, amounted to malfeasance in office. In both instances, the planning board has jurisdiction over such matters.

Williams filed a petition for a writ of certiorari in the superior court, challenging his removal. *See Ehrenberg v. City of Concord*, 120 N.H. 656, 659, 421 A.2d 128, 130 (1980). A hearing was held, and the trial court found that Williams had contacted the appropriate city officials regarding the construction of the driveway and that Williams had been informed that a number of permits would be required. Notwithstanding this, Williams' employer, the Elliott Rose Company, proceeded to construct the driveway without permits. City officials all testified that Williams never suggested or otherwise implied that he was acting in his

capacity as a planning board member in his dealings on behalf of the Elliott Rose Company.

The trial court also found that Williams had contacted the appropriate city officials with reference to the greenhouse construction permit. Williams had argued to these officials on behalf of the Elliott Rose Company that the greenhouse project did not require site review before a permit could be issued. Ultimately, a permit issued, but it was later withdrawn. The official with whom Williams dealt testified that, although he knew Williams was a planning board member, Williams always represented himself to be the agent of the Elliott Rose Company and never referred to his position on the planning board.

In ruling against Williams, the trial court defined "malfeasance" to include the general misuse of public office. The court relied in part on the definition of "malfeasance" found in Black's Law Dictionary, which states that malfeasance can mean "wrongful conduct that affects, interrupts or interferes with the performance of official duties." BLACK'S LAW DICTIONARY 862 (5th ed. 1979). The court then defined malfeasance more generally as "the doing of an act which ought not to be done," citing *Quinn v. Concord*, 108 N.H. 242, 247, 233 A.2d 106, 109–10 (1967), and concluded that the city council could reasonably have found "that something was done which the official [Williams] ought not to have done."

■ At issue in this appeal is whether the trial court erred in ruling that Williams' acts constituted malfeasance in office, justifying his removal. The trial court's jurisdiction on a petition for a writ of certiorari is limited to granting relief "only if the administrative agency has exceeded its jurisdiction or authority, has otherwise acted illegally, has abused its discretion, or has acted arbitrarily, unreasonably, or capriciously." *Runde v. City of Concord*, 128 N.H. 175, 177, 512 A.2d 408, 410 (1986). While the plaintiff claims that the court acted arbitrarily, capriciously, and against the weight of the evidence, we dispose of the case on the ground that the court committed an error of law in upholding Williams' dismissal, and therefore need not address these other claims.

■ We note that Williams' appointment would have expired on December 31, 1987, even if he had not been removed earlier. This would normally render moot the issue of the propriety of his removal. However, as we have stated before, the question of mootness is one of convenience and discretion and is not subject to hard-and-fast rules. *Silva v. Botsch*, 120 N.H. 600, 601, 420 A.2d

301, 301 (1980). We elect to address the merits of this case because it involves an important question of law that will undoubtedly arise again, and because in addressing the issue we may preclude future litigation. *Id.*

RSA 673:13 provides the following criteria for the removal of a member of a planning board:

> "I. After public hearing, appointed members and alternate members of [a planning board] may be removed by the appointing authority upon written findings of inefficiency, neglect of duty, or malfeasance in office."

Williams was never charged with neglect of duty or inefficiency, and the trial court found that Williams' actions on behalf of the Elliott Rose Company could not be termed either inefficiency or a neglect of duty.

The trial court relied on the fact that, although Williams acted at all times as an employee of the Elliott Rose Company, "the council could reasonably find that [Williams], while a member of the very board which [dealt] with the driveway ordinance, ignored the ordinance. . . ." Furthermore, the court concluded that because a building permit issued, arguably in reliance on Williams' position on the planning board, "the [city] council could reasonably [have found] that . . . something was done which [Williams] ought not to have done." This is not enough to support a finding of malfeasance in office.

We agree with the Michigan Supreme Court's definition of the malfeasance in office that is sufficient to warrant a public official's removal:

> "It is well-settled [that] the . . . malfeasance, [sufficient] under our law to warrant plaintiff's removal from office, must have direct relation to and be connected with the performance of official duties. . . . It does not include acts and conduct which, though amounting to a violation of the criminal laws of the state, have no connection with the discharge of official duties."

*Wilson v. Council of City of Highland Park,* 284 Mich. 96, 98, 278 N.W. 778, 778 (1938); *see also People v. Schneider,* 133 Colo. 173, 178, 292 P.2d 982, 985 (1956) (malfeasance in office requires willful or corrupt action in the discharge of official duties); *Fannin v. Commonwealth,* 331 S.W.2d 726, 728 (Ky. 1960) (malfeasance refers to the performance of an act by an officer in his official capacity); *Madsen v. Brown,* 701 P.2d 1086, 1090 (Utah 1985) ("malfeasance

in office" requires an intentional act or omission relating to the duties of a public office).

The Utah Supreme Court explained in detail the rationale behind requiring that malfeasance be connected with official duties, stating that:

> "The object of the requirement that the act or omission relate to the duties of the public office is to ensure that an official is not removed for malfeasance in office when the alleged wrongful acts or omissions occurred while the officer was acting in his private capacity as opposed to his capacity as a public officer."

*Madsen, supra* at 1091. We agree. Neither the findings of the trial court nor anything in the record before us supports the conclusion that Williams' actions were directly related to or connected with the performance of his duties as a planning board member.

■ Absent such a relationship, we conclude that it was error to order his removal from office for malfeasance. We do not imply that the legislature could not restrict the conduct of a public officer in Williams' position by barring him from any dealings with other officers, even in a private capacity, in which his official position might be thought to provide an advantage. We hold only that such dealings do not fall within the scope of malfeasance under the existing statute.

The case is remanded to the superior court for entry of an order vacating the decision of the city council.

*Reversed and remanded.*

All concurred.