Dear Mr. Lahey:
You have requested our opinion on the meaning of "malfeasance in office," as used in Article 66B, § 3.02(a) of the Maryland Code. In particular, you ask whether a planning commission member may be removed on this basis only if the member commits a crime.[1]
Our opinion is as follows: "Malfeasance in office" describes wrongful conduct of a public official with a direct relation to the performance of official duties that substantially affects the public interest. The wrongful conduct need not constitute a violation of the criminal law in order to meet this standard.
 I Planning Commission Removal Provision
Counties and municipalities have authority under Article 66B, § 3.01(a) to create planning commissions. These commissions consist of either five or seven members, appointed by the local legislative body for five-year terms.
Article 66B, § 3.02(a) provides the basis for removal of planning commission members: "After a public hearing, members may be removed by the local legislative body for inefficiency, neglect of duty, or malfeasance in office." Since its enactment in Chapter 599 of the Laws of Maryland 1933, this provision essentially has remained the same. Generally, where the power of removal is limited to specific reasons, the removal authority may not remove for any cause not so specified. Macaluso v. West,352 N.E.2d 382, 385 (Ill.App. 1976). See Stanley v. Jones,2 So.2d 45, 51 (La. 1941) (removal was limited to "misconduct in office" and defendant could not be removed for misconduct not connected with the office).
The General Assembly has not defined the term "malfeasance in office" in § 3.02 (or elsewhere in statute, as far as we are aware). Its decision not to define the term implies an intention that the words be given their ordinary and natural import. Boardof Trustees v. Hughes, 340 Md. 1, 7, 664 A.2d 1250 (1995). Seealso Williams v. State, 329 Md. 1, 15, 616 A.2d 1279 (1992) (words should be given their ordinary and popularly understood meaning absent contrary legislative intention).
 II Removal for "Malfeasance in Office"
A. Purpose of Removal Statutes
The object of removal statutes is not to punish the offending officer, but to protect and preserve the office and to free the public of an unfit officer. State v. Schroeder, 430 P.2d 304, 314
(Kan. 1967); Raltston v. Showalter, 370 P.2d 408, 412 (Kan. 1962). See State v. Jones, 407 P.2d 571, 572 (Utah 1965) (objective of removal from office statutes is to provide a method of removing from office a public official who betrays his trust in office). The rationale behind such statutes is the public's interest in ensuring that those holding public office are fit.State v. Schroeder, 430 P.2d at 314. See also Edwards v. CivilService Comm'n, 287 N.W. 285, 288 (Iowa 1939) (the public has a right to have as public officers persons of character, judgment, and discretion).
B. General Meaning of "Malfeasance"
"Malfeasance" is the doing of an act that the person ought not to do at all. State v. Carter, 200 Md. 255, 262, 89 A.2d 586
(1952). When an act of this nature is perpetrated by an officer in the exercise of the duties of his or her office, or while acting under color of office, it becomes "malfeasance in office." Rollin M. Perkins and Ronald N. Boyce, Criminal Law 540 (3d ed. 1982). At common law, "malfeasance in office" was a misdemeanor.Hitzelberger v. State, 174 Md. 152, 160, 197 A.2d 605
(1938).[2]
As noted in Part I above, Article 66B does not define "malfeasance in office" or specify the conduct that constitutes "malfeasance in office." Nor does Maryland case law construe the term. The term "misconduct in office," however, has been held to be broad enough to embrace any willful "malfeasance in office."Stanley v. Jones, 2 So.2d 45, 57 (La. 1941); Duncan v. State,282 Md. 385, 387, 384 A.2d 456 (1978). The terms are often used synonymously. See Chester v. State, 32 Md. App. 593, 603,363 A.2d 605 (1976); Coffey v. Superior Court, 82 P. 75, 76 (Cal. 1905). Accordingly, we think it likely that the Maryland courts would construe "malfeasance in office" in harmony with their prior interpretations of "misconduct in office."
The Court of Appeals has generally defined "misconduct in office" as "[a]ny unlawful behavior by a public officer in relation to the duties of his office, willful in character."Resetar v. State Board of Educ., 284 Md. 537, 561, 399 A.2d 225,cert. denied, 444 U.S. 838 (1979) (quoting Employment SecurityBoard v. LeCates, 218 Md. 202, 208, 145 A.2d 840 (1958)). Seealso Duncan v. State, 282 Md. at 387 ("misconduct in office" is corrupt behavior by a public officer in the exercise of his duties of his office or while acting under color of his office).
C. Seriousness Threshold
Public officials should not be dismissed simply because they do not achieve perfection in every minute detail of bureaucratic operation and should not be threatened with dismissal for honest mistakes. In re Shoaf, 88 A.2d 871, 873 (Pa. 1952). A "mere error of judgment" is not punishable as malfeasance or misconduct in office. Chester v. State, 32 Md. App. at 606 (citation omitted). Therefore, an initial inquiry must be made into the seriousness of the official's conduct. The reason for removal must be one restricted to conduct of a substantial nature directly affecting the rights and interests of the public. 67 C.J.S.Officers § 120 (1978).
Not every technical violation of a statute or of an official duty will justify a removal. Bateman v. State, 14 N.E.2d 1007,1011 (Ind. 1938) (an officer should not be removed from office for inconsequential matters). Instead, there must be a willful intent to do wrong. "The courts have prevented the common law crime of misconduct in office from becoming a means for oppressive prosecutions premised upon vague moral principles by making willfulness an element of the crime. Willfulness . . . means, in the context of malfeasance arising out of the breach of duty of public concern, an evil purpose or mental culpability." 4 Eugene McQuillin, Municipal Corporations § 12.237 (3d ed. 1992).
Serious misconduct that falls short of the commission of a crime but that relates to an official's duties may be grounds for removal under a civil removal statute. Broyles v. State,341 S.W.2d 724, 727 (Tenn. 1960). See also Jenner v. Board ofTrustees of Village of East Troy, 389 F. Supp. 430, 431 (D. Wis. 1974) (cause sufficient to justify removal may exist where conduct affects administration of office even though conduct may not constitute violation of any law). Resetar and several of the other cases discussed in Part IID below illustrate the application of this general rule.
D. Relation to Duties of Office
Once it is established that the conduct is serious, a determination must be made whether the conduct relates to the public official's duties. Discussing Utah's removal statute, the Utah Supreme Court stated that the words "in office" in the phrase "malfeasance in office" indicate that the offense committed by the public official must be in connection with official duties. Statev. Jones, 407 P.2d at 573. See also People v. Hale,42 Cal. Rptr. 533, 538 (Cal.App. 1965) ("misconduct in office" includes only wrongful acts in performance of the duties of office);Williams v. City of Dover, 543 A.2d 919, 921-22 (N.H. 1988) ("malfeasance" sufficient to warrant a public employee's removal from office must have direct relation to and connection with performance of official duties); State v. Begyn, 167 A.2d 161, 168
(N.J.Super. 1961) ("misconduct in office" includes misbehavior by officer in exercise of duties of his or her office or while acting under color of his or her office); 67 C.J.S. Officers § 121 (1978) (the misconduct must be "in" office and not at any other time).
The requirement that the act or conduct relate to the duties of the public office is to ensure that an official is not removed for "malfeasance in office" when the alleged wrongful act occurred while the officer was acting in a private capacity as opposed to his or her capacity as a public officer. See Madsen v. Brown,701 P.2d 1086, 1091 (Utah 1985). "The conduct which will warrant removal of an officer must be such as affect his performance of his duties as an officer and not as such affects his character as a private individual." Clark v. Weeks, 414 F. Supp. 703, 708 (N.D. Ill. 1976). See also Stanley v. Jones, 2 So.2d 45, 51 (La. 1941) (misconduct sufficient to justify a removal must be misconduct in the conduct of office, and not merely personal misbehavior). Accord, State v. Jones, 407 P.2d at 573-74. Butsee Attorney General v. Tufts, 131 N.E. 573, 575 (Mass. 1921) (wrongs committed outside of district attorney's official duties, including those acts committed as private citizen, could be considered in determining his fitness to hold public office).
An act or conduct unrelated to the public official's duties, even if it is a violation of the criminal law, does not amount to "malfeasance in office." In Williams v. Dover, 543 A.2d 919 (N.H. 1988), for example, a member of the planning board, on behalf of his employer, installed a driveway and performed other construction on his employer's property without obtaining permits. While the planning board member's conduct may have been criminal, it did not directly relate to performance of his duties as planning board member. 543 A.2d at 922. See also Wilson v.Council of City of Highland Park, 278 N.W. 778 (Mich. 1938) (municipal councilman could not be removed from office for "misconduct in office" solely on ground that he was a member of a secret society of a political nature, because membership in the organization did not relate to his duties).[3]
"Malfeasance in office" is not limited, however, to breaches of the specifically defined duties of office:
 There is a range of conduct that can occur while an officer is acting under color of office, but outside any specified official duty as defined by statute or ordinance that sufficiently relates to the duties of office so as to taint the office itself or establish that a particular officer is unfit to retain the public trust. The range of conduct is included in the commonly understood meaning of malfeasance in office.
Madsen v. Brown, 701 P.2d at 1091. Thus, the question whether the alleged misconduct occurred while the public official was acting in the public, as opposed to the private, is to be decided by the trier of facts based on the evidence, not merely on the evidence as to the specific duties as created by statute or ordinance. Id.See also McQuillan, Municipal Corporations § 12.237.
One Maryland case, Chester v. State, reflects an example of misconduct in office by a form of blatant corruption. A clerk of court demanded political contributions from subordinates, on pain of discharge if they failed to pay up. 32 Md. App. at 609-10. Misconduct or malfeasance in office need not involve official corruption, however; it can also take the form of a gross failure to meet expected standards of behavior in the office.
In Resetar v. State Board of Education, the Court of Appeals held that a teacher's use of a racial epithet in referring to a student, within the hearing of other students and teachers, was "misconduct in office." 284 Md. at 562. Opining that the teacher's conduct must bear upon his fitness to teach, the Court stated that the State Board of Education could properly conclude that the remark of the teacher might undermine his future classroom performance and overall impact on his students.284 Md. at 561. Thus, the teacher's conduct related to his duties. Id.
Likewise, in Daugherty v. Ellis, 97 S.E.2d 33 (W.Va. 1956), a county commissioner sold property that was held by the county court for the benefit of the county and its citizens. Concluding that the county commissioner committed "malfeasance in office," the West Virginia Supreme Court said:
 It was the plain duty of the defendant, as a commissioner of the county court and . . . the representative of the people of the county, to exercise due diligence and reasonable care to protect and preserve the property held by the county court against loss and injury and to safeguard the rights of the county and its citizens and inhabitants in such property. The defendant failed to perform this duty, but instead violated it by attempting to make final disposition of the livestock without authority at a price which was substantially less than the value of only a part of it.
97 S.E.2d at 42. Other examples include Robbins v. Commonwealth,22 S.W.2d 440 (Ky. 1929) (issuance of a warrant of arrest by a judge knowing that there was no ground for warrant); People v.Peck, 138 N.Y. 386 (N.Y. 1893) (removal and destruction of official records); Baldwin v. State, 11 Ohio St. 681 (1860) (substitution of a false subpoena for a true one); and Madsen v.Brown, 701 P.2d 1086 (Utah 1985) (participation by mayor in the killing of four dogs and removal of carcasses from his property).
 III Conclusion
In summary, it is our opinion that removal for "malfeasance in office" under Article 66B, § 3.02(a) requires that the actions or conduct of the planning commission member have a direct relation to the performance of official duties and be of a substantial nature directly affecting the public interest, albeit not necessarily a violation of the criminal law.[4]
Very truly yours,
 _____________________ J. Joseph Curran, Jr. Attorney General
 ____________________ Kimberly Smith Ward Assistant Attorney General
______________________ Jack Schwartz Chief Counsel Opinions and Advice
[1] Your question arises from a controversy involving a particular planning commission member in Carroll County. The question comes to us, however, in its general form, and we should not be understood to be addressing the specific circumstances of that controversy.
[2] In Maryland, "malfeasance in office" continues to be a common law crime. Prosecution of the crime, however, is governed by statute. See § 5-106(f)(3) of the Courts and Judicial Proceedings Article (prosecution for the commission of or the attempt to commit a criminal malfeasance shall be instituted within two years after the offense was committed).
[3] If a removal statute provides for removal for commission of a crime, violation of the law would be sufficient for removal even if the criminal conduct did not relate to the official's duties. 67 C.J.S. Officers § 125.
[4] This conclusion addresses only the removal of a public officer for malfeasance or misconduct in office. We are not addressing other issues (for example, the grounds for removing a public employee).
 *Page 125