Board of Registration for Land Surveyors
No. 79-111

APPEAL OF REGINALD BOUCHER
(New Hampshire Board of Registration for Land Surveyors)

January 31, 1980

*Reginald Boucher*, of Deerfield, pro se.

*Thomas D. Rath*, attorney general (*Anne R. Clarke*, assistant attorney general, orally), for the defendant.

PER CURIAM. The plaintiff here challenges the denial by the board of registration for land surveyors (hereinafter the board) of his application to take the land surveyor's examination. Pursuant to RSA 541:6, the plaintiff argues that the board's finding that he lacked the requisite experience, RSA 319-A:13 (Supp. 1977), was illegal and unreasonable. RSA 541:7. We affirm the order of the board.

On August 25, 1978, the board received an application from the plaintiff for registration as a land surveyor. The statute requires a "specific record of *six years or more of accumulated experience in land surveying work* indicating that the applicant is competent to practice land surveying and the passing by the applicant of a written and/or oral examination by the board. . . ." RSA 319-A:13 I (Supp. 1977). (Emphasis added.) For purposes of the statute accumulated experience was defined as, although not limited to, the following:

> (a) Any year during which the applicant was enrolled at an institution of higher learning pursuing a curriculum of surveying, engineering, forestry, or forestry technician, so long as the applicant completed at least one course in land surveying during the said enrollment; provided such

education credits towards accumulated experience shall not exceed four years of accumulated experience; and/or

(b) Any year during which the applicant was actively engaged in land surveying work as a land surveyor-in-training under the supervision of a registered surveyor; and/or

(c) Any substantial period of time (even if less than a full calendar year) during which the applicant, in the discretion of the board, was considered to be actively engaged in responsible land surveying work.

RSA 319-A:13 III (Supp. 1977).

The plaintiff showed that he graduated from the University of New Hampshire with a B.S. degree in civil engineering after a four-year course of study. In addition, he was actively engaged in responsible land surveying work for one year in the office of George C. Benjamin, Inc., and for four years was design engineer with the highway department of the city of Manchester, New Hampshire.

In November 1978, the plaintiff was notified that his application was lacking sufficient references from surveyors having knowledge of his experience. The application was deemed complete, however, on January 24, 1979. By a vote of three to two on January 26, the board found the plaintiff not qualified to take the land surveyor examination due to insufficient experience but that he was eligible to take the land surveyor-in-training examination under RSA 319-A:16 I (Supp. 1977). The plaintiff was notified on March 28, 1979, and invited to take the latter examination and/or submit additional evidence or references for further consideration.

On April 14, 1979, the plaintiff, through counsel, requested a rehearing but did not indicate an intention to submit additional evidence or references. The board reviewed the application at its next meeting on May 11, 1979, and on May 14 notified plaintiff that his request was denied, explaining that his experience was primarily in engineering rather than in land surveying. The plaintiff timely appealed pursuant to RSA 319-A:27 (Supp. 1977) and RSA 541:6.

The plaintiff has the burden of showing that the board's action was "clearly unreasonable or unlawful," all findings of fact being prima facie lawful and reasonable, and the order may not be vacated "except for errors of law unless the court is satisfied by a clear preponderance of the evidence before it that the order is unjust or unreasonable." RSA 541:13; *see O'Neil v. N.H. Public Util. Comm'n*, 119 N.H. 930, 410 A.2d, 244 (1979).

■■ The plaintiff, in his brief, points to similarities between the statutory qualifications for a registered engineer and a registered land surveyor. Those similarities, however, cannot replace the requirements set forth in RSA ch. 319-A (Supp. 1977). Similarly, the plaintiff argues that his four years of study at the University of New Hampshire, where he claims to have completed two land surveying courses, should be counted as such "accumulated experience." Neither his application nor the record before us, however, demonstrates that he completed the surveying courses, a requirement of the statute. We therefore decline to consider evidence that should have been put before the board. See Sperl v. Sperl, 119 N.H. 818, 408 A.2d 422 (1979). We simply note that had the plaintiff completed at least one land surveying course during each of two years at the university, those two years would count as "accumulated experience." RSA 319-A:13 III(a) (Supp. 1977).

The plaintiff's reliance on RSA 319-A:13 III(c) (Supp. 1977) is also misplaced. That subsection allows credit for any substantial period of time, even less than a year, during which the applicant was, in the discretion of the board, considered to be actively engaged in responsible land surveying work.

The plaintiff relies on one year's work with a land surveying firm and three-and-three-quarters years as a design engineer for the Manchester highway department to fulfill the experience requirement. In his brief he argues that the latter included land surveying, but there is little in the record to support this contention. It was for that reason that the board concluded, in its discretion, that his experience was primarily in engineering rather than in land surveying.

■ We cannot say, on the record before us, that the board clearly acted illegally or that, by a preponderance of the evidence, its decision was unjust or unreasonable. If the plaintiff wishes to have the board consider whatever land surveying experience he has had, he should include in any future application evidence of actual land surveying experience upon which he relies, as distinguished from engineering experience.

■ The plaintiff's last argument is that he was prejudiced by the board's refusal to grant him a rehearing at which he could present further evidence. Insofar as his motion for a rehearing did not include an offer to present further evidence, however, we cannot say that the board acted beyond its authority when it denied the request.

*Appeal dismissed without prejudice*
*to any future application.*