Public Employee Labor Relations Board
No. 89-192

# APPEAL OF HINSDALE FEDERATION OF TEACHERS, NEA–NEW HAMPSHIRE, NEA

## (New Hampshire Public Employee Labor Relations Board)

### May 24, 1990

*James F. Allmendinger*, staff attorney, NEA-New Hampshire, of Concord, by brief and orally, for the petitioner.

*Krasner Professional Association*, of Farmington (*Emmanuel Krasner* on the brief and orally), for intervenor, New Hampshire Federation of Teachers/American Federation of Teachers, AFL–CIO.

BATCHELDER, J.   This case is before us on appeal from a ruling of the New Hampshire Public Employee Labor Relations Board (PELRB), determining that on October 4, 1988, petitioner Hinsdale Federation of Teachers (HFT) changed its State union affiliation from the New Hampshire Federation of Teachers (NHFT) to the National Education Association-New Hampshire (NEA–NH), and that, consequently, the NHFT is entitled to certain dues payments collected by the Hinsdale School Board (school board) before that date. The PELRB reached this decision after declaring moot the question of whether a local school district employee organization may change its affiliation from one State or national labor organization to another, without first conducting a representation election. For the reasons that follow, we affirm.

Since its certification by the PELRB, after a representation election held pursuant to RSA 273-A:10, the HFT has been the exclusive bargaining representative for the Hinsdale teachers. At the time of its certification, the HFT was affiliated with the State-wide organization, the NHFT, its national parent organization, the American Federation of Teachers and the international organization, the AFL–CIO. In May of 1988, members of the HFT sought to change the affiliation of the local from the NHFT to another State-wide organization, the NEA–NH, which is affiliated with the National Education Association. In furtherance of this goal, the member teachers held their own internal election procedure at which they voted unanimously to disaffiliate from the NHFT and to affiliate with the NEA–NH.

On June 9, 1988, the local communicated these election results to the PELRB through a letter and a "Notification Of The Removal Of Affiliation And New Affiliation." In the notification, the teachers attempted to satisfy the PELRB that the requirements of New Hampshire Administrative Rules, Pub 301.05 (Pub 301.05) had been fulfilled. Pub 301.05 states that in the event that an exclusive representative merges or affiliates with any other national, regional, State, or local labor organization, or if an exclusive representative

disaffiliates from any other such labor organization, the PELRB shall note the change without requiring an election under RSA 273-A:10. Before the PELRB may note such a change, however, Pub 301.05 requires that the PELRB satisfy itself that three requirements have been met: (1) that the internal rules of the exclusive representative, regarding the approval of the affiliation, have been followed; (2) that the employees in the bargaining unit have had a reasonable opportunity to learn about and be heard with regard to the proposed change; and (3) that the local organization has not changed materially from that selected as the exclusive representative. On July 14, 1988, the PELRB sent to the HFT a letter acknowledging receipt of the HFT's letter and notification and stating that "[d]ue notice has been taken of the action by the Hinsdale Federation of Teachers."

At the time of the HFT's attempt in May and June of 1988 to change its affiliation from the NHFT to the NEA–NH, it had in effect a collective bargaining agreement with the school board. The agreement ran from September 1, 1986, through August 31, 1989, and contained a requirement that the school board pay dues, through deductions from member teachers' earnings, to the "Hinsdale Federation of Teachers, Local 4255, NHFT/AFT, AFL–CIO." After it was notified of the HFT's change in affiliation, the school board ceased remitting dues to the HFT, stating that it was unsure to which State affiliate, the NEA–NH or the NHFT, it was to make payments.

On August 29, 1988, after the school board ceased paying dues, the HFT, NEA–NH, NEA filed with the PELRB an unfair labor practice complaint against the school board for failure to recognize the new affiliation. The NEA–NH also filed with the PELRB on that day a petition for declaratory judgment requesting that the PELRB resolve the question of whether Pub 301.05 allowed "local school district employee organizations to affiliate with different national labor organizations without the need for a new representation election, even if the local organization was previously affiliated with another national labor organization." The HFT, NEA–NH, NEA filed, as well, a motion to consolidate these actions and a petition for certification, seeking an election to clarify the status of affiliation. The PELRB ordered an election and after the results of the vote showed near unanimous approval of the affiliation with the NEA–NH, on October 4, 1988, the PELRB certified the HFT, NEA–NH, NEA as the exclusive bargaining representative of the Hinsdale teachers.

The certification did not state an effective date and the school board, claiming to be unsure as to the status of representation during the final year of the collective bargaining agreement, filed a petition for declaratory judgment with the PELRB on October 12, 1988, requesting, *inter alia,* to be instructed to whom it should pay the union dues that it had collected under the agreement. Finally, the NHFT moved to intervene in the various matters before the PELRB, claiming to be the certified exclusive bargaining representative of the HFT, which claim implied entitlement to the dues which the school board was withholding. On November 3, 1988, the PELRB held a hearing on all of the matters involved.

On February 22, 1989, after granting the NHFT's motion to intervene, the PELRB rendered a decision on the various questions. In regard to the matters concerning us on appeal, the PELRB ruled moot the question put forth by the NEA–NH concerning the HFT's affiliation pursuant to Pub 301.05. Recognizing that Pub 301.05 contains no clear answer to the question of whether an election is required to change affiliation, the PELRB stated that

> "[i]f these standards [of Pub 301.05] are satisfied, no election is required. If these standards are not satisfied, an election. is required. That question is moot in the present case because the local petitioned for an election when its status was not clear, the Board granted the petition and an election was held . . . .
>
> In the instant case, the union members were represented at all times by the HFT. The HFT was affiliated with the NHFT until the new certification, the HFT having sought an election and the new certification having been issued thereafter."

Regarding the school board's query as to the withheld dues, the PELRB found that the question of entitlement to these "follows from the decisions on other issues."

> "In future cases, the date in the change of dues payment will be the date found by the Board as the effective date of the change [of] affiliation, whether following an election, if required, or following internal local action effectively changing affiliation. Because the effective date in this case is that of certification following the election, dues prior to the certification which have not yet been paid by the School Board should be paid to the local and the local should forward them to NHFT if its internal relationship so requires since the

HFT was still an affiliate of NHFT. Dues since the date of certification of affiliation change should also be paid to the local treasurer and would be shared with [NEA–NH] in accordance with the affiliation arrangement between the local and [NEA–NH], whatever that may be."

This appeal followed.

Petitioner, the HFT, argues that the PELRB abused its discretion and acted arbitrarily in declaring moot a dispute over the affiliation of the employee organization; that the PELRB's order to pay money in a dispute the PELRB deemed moot was unlawful, unjust and unreasonable; and that the PELRB erred in not following its own administrative rule, Pub 301.05, since the HFT, as the certified employee organization, could decide to change its affiliation and since the HFT complied with Pub 301.05. Following from these arguments, the HFT asserts that the NHFT has no right to the dues that the PELRB ordered the HFT to pay to it.

We first address the argument that the PELRB abused its discretion and acted arbitrarily in declaring moot the question of the HFT's change of affiliation under Pub 301.05. On its appeal, the HFT bears the burden of demonstrating by a clear preponderance of evidence that the PELRB erred as a matter of law, or acted unjustly or unreasonably. RSA 541:13; *see Appeal of Boucher*, 120 N.H. 38, 40, 411 A.2d 161, 163 (1980). As the HFT notes, "the question of mootness is one of convenience and discretion and is not subject to hard-and-fast rules." *Williams v. City of Dover*, 130 N.H. 527, 529, 543 A.2d 919, 921 (1988) (citing *Silva v. Botsch*, 120 N.H. 600, 601, 420 A.2d 301, 301 (1980)). Generally, however, a matter is moot "when it no longer presents a justiciable controversy because issues involved have become academic or dead." BLACK'S LAW DICTIONARY 909 (5th ed. 1979) (citing *Sigma Chi Fraternity v. Regents of University of Colorado*, 258 F. Supp. 515, 523 (D. Colo. 1966)). Usually, unless a pressing public interest is involved, or the question is "capable of repetition yet evading review," *Honig v. Doe*, 484 U.S. 305, 318 (1987) (citation omitted), an issue that has already been resolved is not entitled to judicial intervention. *See Royer v. State Dep't of Empl. Security*, 118 N.H. 673, 675, 394 A.2d 828, 829 (1978); *State v. Swift*, 101 N.H. 340, 342, 143 A.2d 114, 116 (1958).

In its petition for declaratory judgment, the NEA–NH requested the PELRB to determine whether Pub 301.05 allowed a local public employee organization to change its affiliation from one national labor organization to another without conducting a representation

election. The PELRB declared this question moot on November 3, 1988. The HFT attempted to change its State affiliation under Pub 301.05 in the spring of 1988. After an election held pursuant to the HFT's request under RSA 273-A:11, I(b), the PELRB certified the HFT, NEA–NH, NEA as the exclusive bargaining representative on October 4, 1988. At that point, the question of whether the HFT had effectively changed its affiliation under Pub 301.05 earlier in the spring was moot. At the time of the hearing before the PELRB on November 3, 1988, this question was merely "academic" or "dead."

We recognize that by filing for an election in the fall, rather than admitting that its earlier attempt to change its affiliation under Pub 301.05 was ineffective, the HFT was apparently trying to ensure that if the PELRB ruled that such a change were impossible under Pub 301.05, the change in affiliation could take place before its collective bargaining agreement expired. *See* N.H. ADMIN. RULES, Pub 301.02(a) ("contract bar rule" of RSA 273-A:11, I(b) requires that petition for election to challenge existing exclusive bargaining representative be filed no earlier than 210 days, and no later than 150 days, prior to budget submission date of affected public employer in year that agreement expires). We also appreciate the fact that had the PELRB conducted a hearing in regard to the matter of the HFT's affiliation pursuant to Pub 301.05 sooner than November 3, 1988, the HFT might not have felt it necessary to file a petition for a statutory election. However, the HFT pursued the change under Pub 301.05 by means of a letter and a notification to the PELRB. Had it initially acted in a different fashion, perhaps by way of a petition for declaratory judgment, the PELRB might have resolved the matter more quickly than it did, and a petition for a statutory election might not have been necessary.

Moreover, in its petition for declaratory judgment, filed with the PELRB on August 29, 1988, the NEA–NH did not request the PELRB to decide at what point in time the HFT had changed its affiliation, nor which organization was entitled to the dues collected by the school board. Rather, its question concerned solely the methodology by which a local could change affiliation; namely, whether such a switch could be accomplished under Pub 301.05. Although the school board raised the question of dues entitlement in its petition for declaratory judgment, the NEA–NH's query regarding affiliation under Pub 301.05 was the principal question before the PELRB, and it was this question alone that the PELRB declared moot. Given the facts before us, we affirm the PELRB's determination that the

question of the HFT's change in affiliation under Pub 301.05 was moot and therefore not entitled to substantive consideration.

■ The HFT next contends that the PELRB unreasonably ordered it to pay money in a dispute that the PELRB deemed moot. This argument fails as well. The dispute before the PELRB concerned a question not of whether the HFT was to pay dues at all, but one of which organization was entitled to the dues withheld by the school board. Assuming its new relationship with the NEA–NH required it to pay dues, the HFT would have had to pay dues to one of the two State affiliates. The PELRB simply reasoned that the question of which organization should receive the dues followed from its determination that the question of the HFT's changed affiliation under Pub 301.05 was moot, and its consequent decision that the October 4, 1988 certification date controlled. We uphold the decision of the PELRB that because October 4, 1988, was the date on which the HFT disaffiliated from the NHFT, the NHFT is entitled to the dues collected before that date.

■ Finally, the HFT argues that the PELRB erred in not following its own rule, Pub 301.05, as the HFT is an employee organization entitled to change its affiliation, and as it complied with Pub 301.05. Because we have already determined that the PELRB did not abuse its discretion or err as a matter of law in declaring moot the question of affiliation under Pub 301.05, it follows that the PELRB had no obligation to consider the HFT's actions in regard to Pub 301.05.

*Affirmed.*

All concurred.