Rockingham
No. 90-466

REAL ESTATE PLANNERS, INC.

v.

TOWN OF NEWMARKET

October 9, 1991

*Devine, Millimet & Branch P.A.*, of Manchester (*Ovide M. Lamontagne* on the brief and orally), for the plaintiff.

*McNeill & Taylor P.A.*, of Dover (*Lynne M. Dennis* on the brief and orally), for the defendant.

BATCHELDER, J. The plaintiff, Real Estate Planners, Inc. (REP), appeals the Superior Court's (*Gray*, J.) denial of its motion to

amend a declaratory judgment petition, challenging amendments to the Newmarket Zoning Ordinance, and the Superior Court's (*Mohl, J.*) grant of the defendant Town of Newmarket's (the Town) motion to dismiss. We affirm.

In January 1988, the Town posted notices concerning sixteen proposed amendments to its zoning ordinance. On February 25, 1988, REP submitted protest petitions, pursuant to RSA 675:5 (1986) (amended by Laws 1989, ch. 44, current version at Supp. 1990), regarding eleven of the proposed amendments. Because of the filing of the protest petitions, a favorable vote of two-thirds of those voting was required to adopt the proposed amendments. *See id.* The first session of the 1988 town meeting was held on March 8, 1988, at which time the residents voted on the amendments. At the second session, held two days later, the moderator informed the citizens that the amendments had been adopted by a simple majority vote because, in the Town's opinion, the protest petitions did not comply with the strict requirements of RSA 675:5. REP subsequently filed a petition for declaratory judgment, challenging the Town's interpretation and application of RSA 675:5 to its protest petition.

At the commencement of trial on August 7, 1989, REP was granted leave to amend its declaratory judgment petition to add an additional count challenging the adequacy of the public notices of the proposed zoning amendments, and the Town was granted a continuance to respond to the amended pleadings. At a chambers conference immediately preceding the rescheduled hearing on the merits on November 7, 1989, REP requested a further opportunity to amend its pleadings, this time to include a request for equitable relief. In addition, the Town requested a further continuance, because of a proposed comprehensive zoning recodification to be presented to the town meeting in March of 1990.

On November 8, 1989, REP filed a motion to amend its petition to include a count for equitable relief. By order dated January 31, 1990, the trial court denied REP's motion to amend, because "R.E.P. had not obtained subdivision approval, or a building permit, nor did it have a plan before the planning board which had been formally accepted by the planning board (pursuant to RSA 676:4, I(b)) prior to the proposed zoning changes."

At the March 1990 town meeting, the Town's voters adopted the comprehensive zoning recodification, which codified all of the material changes adopted at the 1988 town meeting. On June 7, 1990, the Town moved to dismiss REP's declaratory judgment action as moot. By order dated August 30, 1990, the trial court granted the Town's

motion to dismiss, by finding that "the plaintiff's petition is moot since the town has reenacted the challenged provisions, and the plaintiff had no application pending." This appeal followed.

REP first argues that the trial court erred as a matter of law in denying its motion to amend its petition for declaratory judgment to assert a claim for equitable relief. The position argued by REP is that whether it had a vested entitlement to proceed under the ordinance as it existed prior to the challenged 1988 amendments is irrelevant, but that enforcement of the invalid amendments illegally deprived it of the right to proceed with development and use of its property. Accordingly, REP contends, it is entitled to equitable relief and should have been allowed to amend its petition to add a count for such relief. We disagree.

REP maintains that the trial court erroneously denied its motion to amend as a matter of law, and did not deny it in the exercise of its discretion. However, the fact that REP's motion to amend was denied "in light of the above-referenced law" does not remove the ruling from the realm of the trial court's discretion. A trial court has discretion to deny motions to amend. *Kenneth E. Curran, Inc. v. Auclair Transp., Inc.*, 128 N.H. 743, 746, 519 A.2d 280, 282 (1986). "Although amendment of pleadings is liberally allowed, a denial of such an amendment will not be overturned absent an abuse of discretion." *Attorney General v. Morgan*, 132 N.H. 406, 408, 565 A.2d 1072, 1074 (1989). The question before us, then, is whether the court abused its discretion in denying the motion to amend.

REP's attempt was to amend its declaratory judgment petition to add a count for equitable relief, *i.e.*, requesting "an order giving retroactive affect [*sic*] to its Declaratory Judgment Order on behalf of Real Estate Planners and the signatories to the protest petitions for a period of one year with respect to projects or developments in the areas affected by the 1988 proposed zoning amendments." Its theory was simply that, while it had no vested right to proceed under the existing 1987 ordinance, a trial court decision that its protest petitions filed with respect to the 1988 zoning amendments were illegally rejected would entitle it to equitable relief enabling it to proceed under the 1987 ordinance. We can identify at least two bases upon which the court could have decided to deny further amendment of the petition. First, the relief sought was not limited to REP alone, but extended to all others who had signed the protest petitions. It was within the sound discretion of the trial court to refuse to amend the petition to extend the requested relief to per-

sons who were not parties to the action. *See Tyler v. Aspinwall*, 73 Conn. 493, 498–99, 47 A. 755–56 (1901) (court may and should refuse to entertain action by one who seeks to invoke remedy on behalf of another who seeks no redress). Second, although the trial court phrased its decision in terms of the lack of vested rights on the part of REP, it would be speculative at best to assume that, had the 1988 amendments failed to pass, some later action by REP would have given it a vested right to proceed. Accordingly, the court's discretion could properly have been exercised, on this basis, in favor of denying the motion to amend. Therefore, we hold that the trial court did not abuse its discretion in denying REP's motion to amend the declaratory judgment petition.

■ REP also requests "an order from this Court that the superior court is empowered to grant appropriate ancillary equitable relief including but not limited to that being sought by REP irrespective of RSA 676:12 or the reenactment of the zoning amendments." We note at the outset that it is axiomatic that the superior court's jurisdiction extends to matters in equity. "The trial court has broad and flexible equitable powers which allow it 'to shape and adjust the precise relief to the requirements of the particular situation.'" *Dunlop v. Daigle*, 122 N.H. 295, 300, 444 A.2d 519, 521 (1982) (quoting *Webb v. Rye*, 108 N.H. 147, 153, 230 A.2d 223, 228 (1967)). In support of its request for equitable relief, REP argues that, had its protest petitions not been wrongfully rejected, the 1988 amendments would never have been adopted, and that several months would have been available for it to undertake development before the statute governing protest petitions was amended and the 1990 recodification was adopted. Consequently, it seeks a "window of opportunity" of one year to act under the ordinance as it existed before the 1988 amendments were adopted. While the trial court does have broad equitable powers to grant relief, *see Britton v. Town of Chester*, 134 N.H. 434, 442, 595 A.2d 492, 496 (1991), the trial court here was not obligated to give REP the relief it sought and could properly deny it. REP had not taken any action giving it vested rights to proceed; and, as we have already observed, it would be speculative to assume that REP would in fact take any such action.

REP also maintains that the trial court erred in granting the Town's motion to dismiss the declaratory judgment petition. The Town contends that the petition was properly dismissed as moot.

■■ Under New Hampshire law, we must determine "'whether the allegations [in REP's pleadings] are reasonably susceptible of a

construction that would permit recovery.'" *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985) (quoting *Royer Foundry & Mach. Co. v. N.H. Grey Iron, Inc.*, 118 N.H. 649, 651, 392 A.2d 145, 146 (1978)). In determining whether a motion to dismiss should be granted, all factual allegations are assumed to be true, and the reasonable inferences that can be drawn from those facts are construed in the plaintiff's favor. *Cannata v. Town of Deerfield*, 132 N.H. 235, 240, 566 A.2d 162, 165 (1989); *Flags I, Inc. v. Kennedy*, 131 N.H. 412, 414, 553 A.2d 778, 779 (1989).

██ The trial court ruled that REP's petition was moot because the Town had reenacted the challenged provisions when it adopted the comprehensive zoning ordinance at its 1990 town meeting. A petition for declaratory judgment becomes moot when any event occurs after the petition is filed which terminates the adverse claim. R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1198, at 117 (1984). Once a petition for declaratory judgment is moot, the trial court may, in its discretion, dismiss the petition. *Id.*

██ Our declaratory judgment statute states: "Any person claiming a present legal equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive." RSA 491:22. The adverse claim must be "definite and concrete." *Wuelper v. University of N.H.*, 112 N.H. 471, 473, 298 A.2d 747, 749 (1972); *see also Salem Coalition for Caution v. Town of Salem*, 121 N.H. 694, 697, 433 A.2d 1297, 1299 (1981) (declaratory judgment actions should be confined to "justiciable controversies of sufficient immediacy and reality"). "A matter which is only of academic interest is not sufficient for the invocation of the remedy [of declaratory judgment]." 3 E. ZIEGLER, RATHKOPF'S THE LAW OF ZONING AND PLANNING § 35.01, at 35-3 (4th ed. 1991).

██ The trial court properly ruled that the 1990 ordinance, whose valid adoption was not challenged by REP, removed the controversy from the declaratory judgment petition and that the petition was therefore moot. The validity of the 1988 amendments is no longer relevant, because they have been superseded by a valid zoning ordinance adopted in 1990. *See James v. City of Round Rock*, 630 S.W.2d 466, 469 (Tex. Ct. App. 1982) (landowner's constitutional challenge to zoning ordinance rendered moot by adoption of new

comprehensive zoning code). Moreover, the only basis on which the trial court could have granted REP any effectual relief even if it declared the 1988 amendments invalid, *see Appeal of Hinsdale Fed. of Teachers*, 133 N.H. 272, 276, 575 A.2d 1316, 1319 (1990) (issue that has already been resolved is not entitled to judicial intervention), would have been to fashion an equitable remedy like that requested by REP. As we have already ruled, the trial court committed no error in refusing to recognize any entitlement to equitable relief. Accordingly, we hold that REP's petition presented no claim which would justify declaratory relief in these circumstances and, therefore, affirm the trial court's dismissal of the petition.

*Affirmed.*

All concurred.