# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0457, <u>Mary Rivard v. Governor, State of New Hampshire</u>, the court on November 23, 2021, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Mary Rivard d/b/a The Color Café Hair Salon, appeals an order of the Superior Court (<u>Kissinger</u>, J.) dismissing her action against the defendant, Christopher T. Sununu in his official capacity as Governor of the State of New Hampshire (the Governor), challenging certain executive and emergency orders and the statutes under which they were promulgated. We dismiss the appeal as moot.

The following facts were recited by the trial court or relate the contents of documents in the record. On March 13, 2020, "by the authority vested in [him] pursuant to part II, article 41 of the New Hampshire Constitution and New Hampshire RSA 4:45," the Governor issued Executive Order 2020-04 declaring a state of emergency throughout the state due to COVID-19. <u>Executive Order 2020-04</u>, available at <u>https://www.governor.nh.gov/sites/g/files/ehbemt336/files/documents/2020-04.pdf</u> (last checked November 22, 2021). Executive Order 2020-04 stated that while that order was in effect, "additional temporary orders, directives, rules and regulations may be issued" pursuant to RSA 4:45 and RSA 4:47." <u>Id</u>.; <u>see</u> RSA 4:45 (2020) (amended 2021), :47 (2020).

On March 26, 2020, the Governor issued Emergency Order #17, which ordered all businesses and organizations not providing essential services to cease in-person operations and "close their physical workplaces and facilities to workers, customers, and the public," beginning on March 27, 2020, and continuing until May 4, 2020. <u>Emergency Order #17 Pursuant to Executive Order 2020-04</u>, available at <u>https://www.governor.nh.gov/sites/g/files/ehbemt336/files/documents/emergency-order-17.pdf</u> (last checked November 22, 2021). An exhibit to the emergency order listed the services considered essential. <u>EXHIBIT A to Emergency Order #17</u>, available at <u>https://www.governor.nh.gov/sites/g/files/ehbemt336/files/documents/emergency-order-17-ex-a.pdf</u> (last checked November 22, 2021). The list did not include hair salons.

The plaintiff owns and operates a hair salon and skin care center in New London.  The day after Emergency Order #17 issued, the plaintiff shut down her salon.

By subsequent executive orders, the Governor extended the state of emergency declared in Executive Order 2020-04.  See, e.g, Executive Order 2020-08, available at https://www.governor.nh.gov/sites/g/files/ehbemt336/files/documents/2020-08.pdf (last checked November 22, 2021); Executive Order 2020-09, available at https://www.governor.nh.gov/sites/g/files/ehbemt336/files/documents/2020-09.pdf (last checked November 22, 2021);  Executive Order 2020-10, available at https://www.governor.nh.gov/sites/g/files/ehbemt336/files/documents/2020-10.pdf (last checked November 22, 2021).  On May 1, 2020, the Governor issued Emergency Order #40 extending and modifying Emergency Order #17.  Emergency Order #40 Pursuant to Executive Order 2020-04 as extended by Executive Orders 2020-05 and 2020-08, available at https://www.governor.nh.gov/sites/g/files/ehbemt336/files/documents/emergency-order-40.pdf (last checked November 22, 2021).  That order permitted certain businesses, including hair salons, to resume in-person operations, provided that they adhere to certain guidelines.  See EXHIBIT D to Emergency Order #40, available at https://www.governor.nh.gov/sites/g/files/ehbemt336/files/files/inline-documents/emergency-order-40-ex-d.pdf (last checked November 22, 2021).  Emergency Order #40 was subsequently extended by Emergency Order #49.  See Emergency Order #49 Pursuant to Executive Order 2020-04 as extended by Executive Orders 2020-05, 2020-08, and 2020-09, available at https://www.governor.nh.gov/sites/g/files/ehbemt336/files/documents/emergency-order-49.pdf (last checked November 22, 2021).  The plaintiff alleges that the guidelines in Emergency Order #40 and #49 "do not permit her to operate her business properly or in a realistic way."

On May 11, 2020, the plaintiff instituted this action challenging Executive Order 2020-08 and Emergency Order #40.  She was later allowed to amend her complaint to challenge the subsequent extensions of those orders and to add a new count.  As amended, her complaint sought a declaratory judgment that: (1) "RSA 4:45 and 4:47 constitute an unconstitutional delegation of legislative power by the New Hampshire legislature in violation of Part 1, Articles 7, 8, 29, and 37, and Part 2, Article 5 of the New Hampshire Constitution"; (2) Executive Orders 2020-08, 2020-09, 2020-10 and Emergency Order #49 are not valid exercises of the Governor's authority under RSA 4:45 and RSA 4:47, as applicable, and, therefore, are null and void; and (3) "Emergency Order #49 is null and void because it violates the equal protection and takings clauses of the New Hampshire Constitution.  See N.H. CONST. pt. I, arts. 2, 12.  The amended complaint also sought an injunction against the

2

enforcement of the challenged statutes, executive orders, and emergency orders and the issuance of further such executive or emergency orders, as well as damages for violation of the equal protection and takings clauses of the New Hampshire Constitution.

The Governor moved to dismiss the plaintiff's complaint for failure to state a claim, which the trial court granted. The plaintiff filed a motion for reconsideration, which the trial court denied. The plaintiff now appeals, challenging the trial court's dismissal of her unlawful delegation claim, and her requests for declaratory judgment and injunctive relief on the ground that the applicable executive and emergency orders are not valid exercises of the Governor's authority under RSA 4:45 and RSA 4:47. The plaintiff has not appealed the dismissal of her equal protection and takings claims.

After full briefing of the issues on appeal, the legislature passed, and the Governor signed into law, Laws 2021, chapter 91. Among other things, that legislation amended RSA 4:45. See Laws 2021, 91:459-:462-a. Accordingly, on July 21, 2021, we ordered the parties to file supplemental memoranda of law "addressing the impact, if any, of the recent amendment to RSA 4:45" upon the arguments set forth in Section II of the plaintiff's brief" (unconstitutional delegation of power argument). Upon review of the parties' supplemental memoranda, we agree with the Governor that the entire case should be dismissed as moot.

"Generally a matter is moot when it no longer presents a justiciable controversy because issues involved have become academic or dead." Londonderry Sch. Dist. v. State, 157 N.H. 734, 736 (2008) (quotation and ellipsis omitted). "A challenge seeking only prospective or declaratory relief is generally mooted where intervening legislative activity renders the prior law inapplicable." Id.

Here, the plaintiff challenges only the dismissal of her claims for declaratory and injunctive relief; she does not appeal the dismissal of the claims for which she sought damages. The state of emergency underlying this case has expired and the only questions on appeal challenge the constitutionality of, and seek interpretation of the scope of the Governor's authority under, a prior version of RSA 4:45. Accordingly, all issues before us "have become academic or dead." Id. at 736 (quotation omitted); see Real Estate Planners v. Town of Newmarket, 134 N.H. 696, 698, 701 (1991) (holding that petition for declaratory judgment challenging amendments to a zoning ordinance became moot when a subsequent validly-enacted ordinance superseded those amendments). Nor does this case involve any of the circumstances under which we might exercise our discretion to address an issue that is otherwise moot, such as "where there is a pressing public interest involved or future litigation may be avoided," In re Guardianship of R.A., 155 N.H. 98, 101 (2007) (statutory amendment rendered issue moot), or where the

case "presents an issue capable of repetition, yet evading review," <u>Fischer v. Superintendent, Strafford County House of Corrections</u>, 163 N.H. 515, 518 (2012) (quotation omitted).  Accordingly, we dismiss the plaintiff's appeal as moot.

<u>Dismissed</u>.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

<b>Timothy A. Gudas,<br>Clerk</b>