# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0269, <u>TKB Properties, LLC v. April Frechette</u>, the court on April 20, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, April Frechette, appeals an order of the Circuit Court (<u>Subers</u>, J.) awarding possession of the premises to the plaintiff, TKB Properties, Inc., and awarding the plaintiff $195.44 in costs. We reverse.

We will uphold the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 66 (2012). We review questions of law <u>de</u> <u>novo</u>. <u>Miller v. Slania Enters.</u>, 150 N.H. 655, 659 (2004).

On appeal, the defendant argues, among other things, that the trial court unsustainably exercised its discretion by failing to grant her motion to dismiss the possessory action on mootness grounds. <u>See</u> <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001) (explaining our unsustainable exercise of discretion standard of review). We agree.

"The mootness doctrine is designed to avoid deciding issues that have become academic or dead." <u>Sullivan v. Town of Hampton Bd. of Selectmen</u>, 153 N.H. 690, 692 (2006). "The question of mootness is not subject to rigid rules, but is regarded as one of convenience and discretion." <u>Id</u>. (quotation omitted). "Usually, unless a pressing public interest is involved, or the question is capable of repetition yet evading review, an issue that has already been resolved is not entitled to judicial intervention." <u>Appeal of Hinsdale Fed. of Teachers</u>, 133 N.H. 272, 276 (1990) (quotation and citation omitted). In this case, the landlord's writ only sought possession of the rented premises; no claim for unpaid rent was made. Under these circumstances, we agree with the defendant that her voluntary surrender of the premises approximately ten days before the merits hearing rendered the plaintiff's possessory action moot. We also agree with the defendant that none of the exceptions to the mootness doctrine apply. Accordingly, we conclude that the trial court unsustainably

exercised its discretion by denying the defendant's motion to dismiss the plaintiff's possessory action on mootness grounds.

Reversed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**