# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case Nos. 2021-0497 and 2021-0523, <u>State of New Hampshire v. Michael Caterson</u>, the court on September 21, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The State appeals a decision of the Superior Court (<u>Honigberg</u>, J.) dismissing criminal charges against the defendant, Michael Caterson. The superior court dismissed the charges after concluding that it lacked jurisdiction over them under RSA 169-B:4, VII (2022). The State argues that the court erred when it incorrectly interpreted RSA 169-B:4, VII by construing the statute to prohibit, under certain circumstances, prosecution of criminal charges based on acts that are "interrelated" with acts underlying a pending juvenile petition. The State also asserts that, even if the court's statutory interpretation was correct, the court erred in how it applied its interpretation of the statute to the facts of this case. Due to factual developments that occurred following oral argument, we do not reach the merits of these arguments and vacate and remand.

The following brief factual background is derived from the trial court's orders or is otherwise supported by the record. In January 2020, when the defendant was 17 years old, the State filed juvenile petitions in the circuit court arising out of an incident during which the defendant possessed a firearm. After the defendant turned 18, a grand jury indicted him on charges in superior court arising out of an alleged robbery of firearms that predated the defendant's alleged firearm possession. The defendant filed a motion to dismiss, arguing that, pursuant to RSA 169-B:4, VII, the superior court lacked jurisdiction over the criminal charges because of the juvenile petitions pending in circuit court. The superior court granted the motion. It interpreted RSA 169-B:4, VII as depriving it of jurisdiction if a juvenile petition based on "interrelated" acts had already been filed in the circuit court, and concluded that, because the two incidents were "interrelated," it lacked jurisdiction. The State filed this appeal. The defendant filed a cross-appeal but, in his brief, he waived the issues raised in his cross-appeal.

Following oral argument in this appeal, the State filed a notice on August 18, 2023 that the circuit court closed the juvenile matter as of June 15, 2023. The State also filed a motion to seal its notice and related materials, which include the circuit court case summary. The State argues that, under <u>Petition of Miles</u>, 175 N.H. 405 (2022), because there is no longer a pending juvenile

proceeding involving the defendant, we should reverse the superior court's dismissal of the criminal charges filed against the defendant. The State also asserts that the legal issues presented in this appeal are nevertheless not moot because "the situation is capable of repetition yet evading review and presents a matter of pressing and important public interest." The defendant filed no objection or other response to the State's filings. We grant the State's motion to seal only as to the circuit court case summary and address its argument based on Miles.

In Miles, we held that RSA 169-B:4, VII precludes the State from criminally prosecuting individuals for acts they committed as minors "only when those individuals are subject to ongoing juvenile proceedings." Miles, 175 N.H. at 409. We agree with the State that, absent an ongoing juvenile proceeding concerning the defendant, RSA 169-B:4, VII does not prohibit the State from criminally prosecuting the defendant, nor does it divest the superior court of jurisdiction over such criminal charges. See RSA 169-B:4, VII; Miles, 175 N.H. at 409. We therefore vacate the superior court's dismissal of the criminal charges.

We decline to reach the merits of the legal issues presented by this appeal: whether the superior court erred in its interpretation of RSA 169-B:4, VII and in its application of that interpretation to conclude that it lacked jurisdiction over the indictments while the juvenile proceeding concerning the defendant was ongoing. Those issues are now moot. See Miles, 175 N.H. at 409-10; In the Matter of O'Neil & O'Neil, 159 N.H. 615, 624 (2010) ("Generally a matter is moot when it no longer presents a justiciable controversy because issues involved have become academic or dead." (quotation omitted)). Additionally, we are not convinced by the State's argument that this case presents issues of a sufficiently pressing public interest or that are capable of repetition yet evading review such that we should reach the merits. See Appeal of Hinsdale Fed. of Teachers, 133 N.H. 272, 276 (1990).

Vacated and remanded.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2