# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0342, <u>Laurie A. Ortolano v. City of Nashua</u>, the court on April 2, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The defendant, the City of Nashua, appeals two orders in which the Superior Court (<u>Temple</u>, J.) concluded that the defendant violated RSA chapter 91-A (2023), New Hampshire's Right-to-Know Law, and ordered it to disclose certain records to the plaintiff, Laurie A. Ortolano, and to pay a portion of her attorney's fees and costs. On appeal, the defendant challenges the merits of the trial court's ruling only to the extent that it requires disclosure of recordings or transcripts of police interviews. The defendant also challenges the trial court's award of attorney's fees. We conclude that the trial court erred when it ruled that the recordings or transcripts must be disclosed, and remand for further fact finding. We further conclude that the trial court erred when it awarded attorney's fees. Accordingly, we reverse in part, vacate in part, and remand for further proceedings consistent with this order.

The trial court found the following facts. In 2018, the defendant's Assessing Department (the Department) began conducting a semi-annual reevaluation of property values. The plaintiff sought disclosure of numerous documents pursuant to RSA chapter 91-A related to that work, including certain field data collection cards. On August 7, 2019, the plaintiff visited the Department's office to inspect certain documents, and she later requested the August 7, 2019 security surveillance footage from the Department's office pursuant to RSA chapter 91-A.

In 2019, the plaintiff provided information to the Nashua Police Department regarding potential misconduct of a Department employee, and it investigated the matter. Several Department employees were interviewed during that investigation. The plaintiff sought disclosure of audio and video recordings and transcripts of those police interviews pursuant to RSA chapter 91-A. The defendant disclosed written summaries of the police interviews, while refusing to disclose the field data collection cards, the August 7, 2019 security surveillance footage, and the audio and video recordings or transcripts of the police interviews (collectively, the records on appeal).

The plaintiff filed suit, alleging that the defendant had violated RSA chapter 91-A by failing to disclose certain records, including the records on

appeal.  The defendant responded that the security surveillance footage and police interview recordings and transcripts were exempt from disclosure because disclosure would invade the privacy of the persons recorded in the footage and transcripts, RSA 91-A:5, IV (2023) (records are exempt from disclosure if disclosure "would constitute [an] invasion of privacy"), and that the field data collection cards were exempt as preliminary drafts, RSA 91-A:5, IX ("[p]reliminary drafts" are exempt from disclosure).  After the trial court reviewed the security surveillance footage — but not the police interview recordings or transcripts — in camera, it ruled that the privacy interests in the security surveillance footage and in the police interview recordings and transcripts were insufficient to outweigh the public interest in disclosure.  The court further ruled that the field data collection cards did not fall into the preliminary draft exception.  Accordingly, the trial court ruled that the items must be disclosed pursuant to RSA chapter 91-A, and specifically ruled that "[t]he City must provide the footage [of the police interviews and,] [i]f the footage is not reasonably available, the City must provide the transcripts."  The trial court also ordered the defendant to pay the plaintiff's attorney's fees and costs incurred while seeking disclosure of the records on appeal, concluding that the plaintiff's lawsuit was necessary to enforce compliance with RSA chapter 91-A and that the defendant "knew or should have known" that its conduct violated RSA chapter 91-A.  The defendant moved for reconsideration. The trial court denied the motion.  This appeal followed.

On appeal, the defendant challenges the trial court's merits ruling only as to the ordered disclosure of the audio and video recordings and transcripts of the police interviews.  The defendant argues that the trial court erred in concluding that the witnesses' and the defendant's privacy interests in the recordings and transcripts are insufficient to outweigh the public interest in disclosure.  The plaintiff argues that the trial court correctly balanced the interests.  In addition, after oral argument, the plaintiff filed a notice maintaining that certain merits of this appeal may be moot or, alternatively, that the defendant waived its privacy interests.

We first address the plaintiff's arguments that the merits of this appeal may be moot or waived.  The plaintiff argues that the defendant's privacy arguments are waived because some of the personally identifying information of the witnesses was released in the summaries and in police reports.  The plaintiff also filed a notice after submission of this case informing us that transcripts of all eleven of the police interviews, and audio or video recordings of five of them, had been disclosed to the plaintiff during discovery in a federal court action.  The plaintiff argues that if the defendant had a privacy interest in the interviews, it waived that interest by producing those records to the plaintiff.  Accordingly, the plaintiff maintains that the defendant's privacy arguments may be moot or waived.  We disagree.

2

Generally, a matter is moot "when it no longer presents a justiciable controversy because issues involved have become academic or dead." Appeal of Hinsdale Fed. of Teachers, 133 N.H. 272, 276 (1990) (citations omitted). "Usually, unless a pressing public interest is involved, or the question is 'capable of repetition yet evading review,' an issue that has already been resolved is not entitled to judicial intervention." Id. (citations and quotations omitted). Here, according to the plaintiff's notice, six of the recordings that the trial court ordered the defendant to disclose to the plaintiff have not been disclosed. Accordingly, there remains a live controversy, and the dispute is not moot.

Next, the defendant's privacy arguments are not waived either by the limited disclosure of some of the recordings or transcripts of the police interviews in the federal action or by the defendant's disclosure of some of the personally identifying information of the witnesses in the summaries and police reports. The defendant argues that disclosure of the recordings and transcripts would invade the witnesses' privacy. Federal courts interpreting the Freedom of Information Act (FOIA) have recognized that when the exemption asserted is that disclosure could invade an individual's privacy interests, those privacy interests can be waived only by the individual. See, e.g., Sherman v. U.S. Dept. of Army, 244 F.3d 357, 362-64 & n.12 (5th Cir. 2001) ("only the individual whose informational privacy interests are protected by exemption 6 [of FOIA] can effect a waiver of those privacy interests" and collecting case law holding same for exemption 7(C) (citations omitted)); cf. N.H. Right to Life v. Dir., N.H. Charitable Trust Unit, 169 N.H. 95, 103 (2016) (explaining that we may look to federal courts' interpretation of FOIA for guidance when interpreting RSA chapter 91-A). Here, the witnesses involved have not waived their privacy interests, and the defendant's limited disclosure of the recordings and transcripts or some of the information in those records does not waive the privacy interests of the witnesses. Accordingly, we must reach the merits.

We defer to the trial court's findings of fact unless they are unsupported by the evidence or erroneous as a matter of law. See Brown v. Grafton Cnty. Dep't of Corr., 177 N.H. ___, ___ (2025), 2025 N.H. 2, ¶8. We review the interpretation of the Right-to-Know Law and its application to facts de novo. Id.

RSA 91-A:4, I (2023) provides that "[e]very citizen . . . has the right to inspect all governmental records . . . except as otherwise prohibited by statute or RSA 91-A:5." RSA 91-A:5, IV establishes an exemption from disclosure for records "whose disclosure would constitute invasion of privacy." To best effectuate the statutory and constitutional objectives of facilitating public access to documents, we construe the exemptions narrowly. Id. at ___, 2025 N.H. 2, ¶9. When a public entity seeks to avoid disclosure of material under

3

the Right-to-Know Law, that entity bears a heavy burden to shift the balance toward nondisclosure.  Id.

Courts must engage in a three-step analysis when considering whether disclosure of public records constitutes an invasion of privacy under RSA 91-A:5, IV.  Id. at ___, 2025 N.H. 2, ¶10.  First, the court evaluates whether a privacy interest exists that would be invaded by disclosure.  Id. at ___, 2025 N.H. 2, ¶11.  If no privacy interest is at stake, then the Right-to-Know Law mandates disclosure.  Id.  Second, the court assesses the public interest in disclosure.  Id.  Third, the court balances the public interest in disclosure against the government's interest in nondisclosure and the individual's interest in nondisclosure.  Id.  Even information with a legitimate privacy interest is subject to disclosure if, on balance, that interest is outweighed by the public's cognizable interest in disclosure.  Id.  Accordingly, a fact-specific inquiry is required in each case.  Id.

The plaintiff argues that the recordings or transcripts must be disclosed because the defendant failed to meet its burden of proving a privacy interest in the records sufficient to outweigh the public interest in disclosure.  The trial court found, and the plaintiff acknowledges, that "persons interviewed during police investigations do possess a privacy interest," and that the "trial court should consider whether disclosing information such as police witness interviews might subject an interviewee to embarrassment or reputational harm."  See, e.g., Reid v. N.H. Attorney Gen., 169 N.H. 509, 529-31 (2016) (explaining that witnesses in police investigations can have privacy interests in personally identifying and substantive information from interviews and that "a fact-specific inquiry is required in each case").

Here, although a privacy interest exists, the record is insufficient for us to assess the weight of that interest.  The parties agree that the trial court did not review the recordings or transcripts in camera, and the record does not reflect whether those records contain substantive information beyond that provided in the summaries or whether they contain private information beyond that disclosed in the summaries.  "Without a more detailed record, the trial court lacked sufficient information to conduct the fact-specific analysis necessary to determine whether the footage implicates a privacy interest by depicting [interviewee] faces, containing other personally identifying characteristics, or otherwise subjecting individuals depicted to embarrassment or reputational harm."  Brown, 177 N.H. at ___, 2025 N.H. 2, ¶¶12-13 (observing that courts generally look to the content of the disputed records to determine whether release would implicate privacy interests or subject individuals to harm).  Accordingly, we reverse the trial court's order insofar as it requires disclosure of the recordings or transcripts, and remand for the trial court to conduct an in camera review of those records and to apply the fact-

4

specific privacy balancing test.[1]  See N.H. Right to Life, 169 N.H. at 101, 110-11, 113-14 (applying privacy balancing test, concluding that individuals depicted in recorded security footage have a privacy interest in withheld recordings, and remanding for "further fact-finding" because the record was insufficient to determine the extent of the privacy interests).

The plaintiff additionally argues that the recordings must be disclosed because the summaries and transcripts of the interviews may be inaccurate. We need not decide whether the plaintiff's arguments regarding the accuracy of the summaries and transcripts provide a sufficient basis to require disclosure of some or all of the recordings because we are remanding for the trial court to review the recordings and transcripts in camera.  On remand, the trial court will have the opportunity to ascertain the thoroughness and accuracy of the summaries and transcripts, and to apply the privacy balancing test to the recordings and transcripts.  See In the Matter of Gordon and Gordon, 147 N.H. 693, 699-700 (2002) (declining to address party's arguments because we remanded for further findings).

Finally, the defendant argues that the trial court erred when it ordered that the defendant pay the attorney's fees incurred by the plaintiff in seeking disclosure of the records on appeal.  In Right-to-Know Law cases, if a public body "violates any provisions of [RSA chapter 91-A]" and the trial court finds "that [the] lawsuit was necessary in order to enforce compliance with [its] provisions," the public body shall be liable for reasonable attorney's fees and costs incurred in that lawsuit.  RSA 91-A:8, I (2023).  "Fees shall not be awarded unless the court finds that the public body . . . knew or should have known that the conduct engaged in was in violation of [RSA chapter 91-A]."  Id.

We conclude that the trial court erred when, on this record, it awarded attorney's fees.  The trial court found that "the City knew or should have known its actions . . . violated RSA 91-A" and that "[t]he determinations [that] the City did not have to provide these records were unreasonable."  Because we have determined that individuals have "at least some privacy interest" in recordings of their daily activities, N.H. Right to Life, 169 N.H. at 112-14, and given that the trial court reviewed the security surveillance footage and determined that the privacy interests of employees and customers were implicated, we cannot conclude that the defendant knew or should have known that RSA chapter 91-A required disclosure of the security surveillance footage. See WMUR Channel Nine v. N.H. Dep't of Fish & Game, 154 N.H. 46, 51 (2006) (declining to conclude that defendant "should have known" its conduct violated RSA chapter 91-A based on "the state of the case law").

---

[1] We observe that the plaintiff's counsel agreed during oral argument that, given the privacy interests at stake, remanding for the trial court to review the recordings and transcripts in camera to determine if the privacy interests in the records outweigh the public interest in disclosure would be a "perfect solution" in this case.

In regard to the field data collection cards, we note that we have never had occasion to address whether these records come within the preliminary draft exception relied upon by the defendant at trial. The plaintiff does not cite any case that supports her position that the field data collection cards do not fall into the preliminary draft exception. Further, the trial court's order identified only one extra-jurisdictional case addressing a similar question. Accordingly, we conclude that the plaintiff has failed to establish that the defendant knew or should have known that RSA chapter 91-A required disclosure of the field data collection cards. See Ettinger v. Town of Madison Planning Bd., 162 N.H. 785, 787, 792 (2011) ("[W]e have had no occasion, before today, to answer the particular question presented by the [defendant's] actions . . . [and] [w]e cannot say that, lacking guidance from this court on the narrow issue before it, the [defendant] should have known that its [conduct] violated the Right-to-Know Law."). We therefore reverse the trial court's award of attorney's fees with respect to the security surveillance footage and the field data collection cards.

Finally, in regard to the police interview recordings and transcripts, we have held that police interviews can implicate privacy interest. See Reid, 169 N.H. at 529-31. However, because the trial court has not reviewed the police interview recordings and transcripts, it is premature to conclude whether and to what extent they implicate privacy interests. Accordingly, we vacate the fees award with respect to those records and remand for the trial court to review them in the first instance. Only after that review can the trial court determine whether the defendant knew or should have known that the footage and transcripts were required to be disclosed pursuant to RSA chapter 91-A.

In sum, we reverse the trial court's order with respect to its ruling that the defendant must disclose the recordings or transcripts of the police interviews, and we remand for the trial court to conduct an in camera review of those recordings and transcripts and to apply the privacy balancing test. We conclude that the court erred when it awarded attorney's fees.

Reversed in part; vacated in part; and remanded.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.

**Timothy A. Gudas,
Clerk**

6